TaxIiOR, Chief-Justice,
 

 delivered the opinion of the Court:
 

 The Defendant, in producing a judgment against Smith, an execution, a levy upon property liable thereto, and a deed from the Sheriff, has established a title in'
 
 himself;
 
 because he has thereby shewn a lawful authority in the Sheriff to sell, and the due exercise thereof.
 

 If a judgment be erroneous, and be afterwards set aside or reversed, the title of an intermediate
 
 honajide
 
 purchaser at a Sheriff’s sale cannot be affected: nor in an ejectment against a purchaser at a Sheriff’s sale, can the regularity of. an execution be questioned. It would be inconsistent
 
 *510
 
 then to make the purchaser’s title dependent upon any special return the Sheriff makes on the execution; more especially when such return is contradicted by his deed, A return is nothing but the Sheriff’s answer relative to that which he is commanded to do by the writ; and is intended to inform the Court of the truth of that alone which it concerns them to know. Third persons ought not to be injured by a return, because the Sheriff has departed from its proper object, and mingled with it irrelevant matter.
 

 It is not necessary to express any opinion as to the effect of a return in point of evidence of any fact stated in it; for however conclusive it may be in that view, it cannot be more so than a fact stated and agreed to by the parties in the case. So that although the return states the Bank to have become the purchaser, yo;t a fact agreed is, that the Sheriff’s deed to
 
 the
 
 Defendant was made with the consent of the Bank. Taking the facts from the case and the return, the truth is, that the Bank bid off the property, and relinquished the bid to the Defendant, in which there is nothing unlawful. There must be a new trial.