HOPPER v. SOUTHERN EXPRESS COMPANY.

(Filed November 17, 1903.)

FELLOW-SERVANT—*Master and Servant—Express Company—Railroads—Personal Injuries.*

A person employed by a railroad company to load express hauled
by the railroad company for the express company is not a
fellow-servant of an employee of the express company.

ACTION by M. F. Hopper against the Southern Express
Company, heard by Judge *Walter H. Neal* at March Term,
1903, of the Superior Court of FORSYTH County. From a
judgment for the plaintiff the defendant appealed.

*Lindsay Patterson,* for the plaintiff.
*Watson, Buxton & Watson,* for the defendant.

MONTGOMERY, J.    This action was brought to recover damages against the defendant on account of a personal injury
inflicted upon the plaintiff by the negligence of an employee
of the defendant company.    The only question for our decision is that of fellow-servant, arising upon the ruling of his
Honor that upon the evidence the plaintiff and the employee
of the defendant were not fellow-servants.    The undisputed
evidence was to the effect that the plaintiff was employed by
R. P. Kerner, who was a local agent of the Southern Railway
Company at Kernersville, N. C., and also the agent of the
defendant company at the same place to do the work of a
station hand; that the plaintiff was told when he was employed
that he would have to handle freight, express matter, baggage,
and pump water, etc.; that Kerner paid the plaintiff his
wages in checks on the Southern Railway Company, and that
the plaintiff never received any pay from the defendant.
Kerner, as a witness for the defendant, testified: "I was paid

a monthly salary as railroad agent, and as express agent I received a percentage of the receipts. Hopper was paid by the Southern Railway Company fifty-five cents per day. He received no part of the express receipts. The express company pays the railroad company for hauling its stuff; pays according to tonnage and mileage. The contract between the railway company and the express company was: at a station like Kernersville the railroad must furnish all necessary help to handle the express stuff in consideration of the payment it received for the mileage and tonnage—that is, to handle the express at the station, to take it on and off the cars." There was no error in the ruling of his Honor. In no view of the evidence was the plaintiff the servant of the defendant company. There was no contract between them, and the plaintiff neither looked to the defendant company for his wages, nor did he receive any pay from it. All the evidence tends to show that he was employed by the Southern Railway Company as a station hand and was paid for his services by that company; and at the time the plaintiff was injured by the negligence of the defendant he was rendering service to the defendant, not as its servant and hired man, but as the paid servant of the Southern Railway Company under a contract between the railway company and the express company concerning that very work. The plaintiff, then, being in the employment of the Southern Railway Company, cannot be a fellow-servant with the employee of the defendant, for the rule of law which furnishes exemption to a master from liability to one servant for the negligence of another necessarily embraces the proposition that the servants are in the employment or at least under the control of the same master. It is needless to cite decisions on this point. The reason of the rule is apparent. The exemption of the employer is founded upon the assumption by the servant of the risks naturally incident to the work in which he is employed, including that

of the negligent conduct of his fellow-servant in performing duties which the employer is not expected to discharge personally. There is no reason, then, why any other person should be exempted from the results of the negligence of his servants simply because the injured person is also an employee who in the course of his employment is compelled to come in contact with the servants of such other person. 12 Am. & Eng. Enc. of Law, 993.

Our attention on the argument here was called to the case of *San An. R. Co. v. Taylor* (Tex. Civ. App.), 35 S. W. Rep., 855, by the counsel of the appellant as an authority in its favor, but upon a careful examination of the facts in that case it appears that there was a community of interest and common arrangement between the railroad company and the express company for the handling and storing of express matter and baggage by them at the station where the plaintiff was employed. No such facts existed in the case before us, and if the facts were the same there as in our case we would not be disposed to follow the decision.

The doctrine of different department limitations is not involved in this case. The business of the express company was an entirely separate business from that of the railway, and the plaintiff had no connection with the express company except as the servant of the railway company, and that, too, under a contract between the two companies.

No error.