LAND, J.
This is a petitory action to recover “Spanish section 44, T. 8 N., R. 5 W., containing an area of 244 acres,” cumulated with a demand for damages for timber alleged to have been wrongfully cut and removed from the premises by the defendant.
The petition alleged that said “Spanish section” includes a part of the E. y2 of S. E. % of section 33, W. % of W. y2 of section 34, and of the S. W. % of section 27, and E. % of S. E. % of section 28, all in township S N., range 5 W., La. Mer., as shown by the United States surveys of said lands.
The petition alleged title as follows: United States to Francois Leclair; tax sale, June 7, 1893, to John Bell for taxes for the year 1892 and previous years due by Francois Leclair; John Bell to petitioner by mesne conveyances duly recorded.
The petition admits actual possession by defendant of the lands in controversy, and alleges that 'within the year preceding the filing' pf the suit the defendant had removed from the premises 1,000,000 feet of pine timber, worth $4 per 1,000 feet stumpage.
The prayer of the petition is for judgment recognizing the plaintiff as the owner of the lands sued for, and for further judgment against the defendant in the sum of $4,000, with legal interest from date thereof, and costs.
The defendant for answer, after pleading the general issue, admitted its possession, under claim of ownership, of Spanish section 44, or of the E. % of S. E. ti, section 33, and W. y2 of W. y2 of section 34, and W. y2 of S. W. % and S. W. % of N. W. % of S. W. % of section 27, and the fractional S. E. % of S. E. %, and 23 acres in the N. E. % of the S. E. % (that part of last-described 40 acres included within old Spanish section 44), section 28, according to new sectionizing of township 8 N., range 5 W., or as again described as tracts 1, 2, and 3, as per Waddell survey.
Further answering, the defendant set up its chain of title to said three tracts and called its vendors in warranty, and assailed the tax titles referred to in plaintiff’s petition, on the ground that Leclair had no title, and the taxes for which the property was sold had been paid under assessment against the real owners, from whom defendant derived its title. One of the tax sales was assailed on the additional ground that the description in the tax deed did not identify the property.
The case was tried, and there was judgment for defendant. Plaintiff has appealed.
Plaintiff’s counsel say, in their brief, that they do not dispute that the defendant’s authors owned land, as shown in their deed, in the vicinity of Spanish section 44; but they contend that it was different land, and that the possession of its said authors did not include the lands claimed by the plaintiff.
In 1893 John Bell purchased at tax sale “242.05 land, being section 44, township 8 N., range 5 W., and fractional section 87, township 7 N., range 4 W.” The deed recites that the property was sold to pay taxes due by Francois Leclair, unknown owner thereof.
In 1901 Mrs. Virginia Bell purchased at tax sale the following described property: “John Bell, 244 acres, Spanish section 44, T. 8 N., R. 5 west” — which was sold to pay taxes due by John Bell for the year 1900.
In 1906 Alfred W. Bell, Sr., purchased at tax sale the following described property: “608 acres less 100 acres, lots 8, 9, except *977 100 acres in lot 8, township 8, range 5 west, Spanish section 44,” Waddell survey, “which property was sold to pay taxes for 1905 due by the succession of V. Bell.”
The alleged patent to Francois Leclair was not filed in evidence; and it is therefore impossible for this court to determine what lands, if any, were granted and confirmed to Leclair. We do not find in the record any map or plat of the Spanish grant, or of any United States survey of the lands alleged to have been granted. The only maps we find .in the record are as follows:
(1) Plat made by parish surveyor for John W. Waddell.
(2) Plat showing lands claimed by the plaintiff.
(3) Plat showing lands claimed by the defendant.
Of course, it is essential for plaintiff to show title in Leclair from the government, and that such title embraced the lands in dispute. Defendant claims that the titles of several of its authors covered parts of Spanish section 44, and that they had paid th« taxes for which the property was sold in 1893 and 1906.
In the absence of the alleged patent, and of governmental plats of survey, and a survey of the locus in quo, we are unable to decide on the record before us the material issues involved in this litigation.
It is therefore ordered that this cause be remanded for further evidence and proceedings according to law; costs to abide the final result.