(64 South. 223.)

No. 19,876.

BELL v. GERMAIN BOYD LUMBER CO.

(Jan. 5, 1914.)

*(Syllabus by the Court.)*

1. PRINCIPAL AND AGENT (§ 69*) — MUTUAL RIGHTS AND DUTIES—PURCHASE BY AGENT AT TAX SALE.

An agent, charged with the duty of paying taxes on certain lands, cannot acquire title to the same by purchase at a tax sale. Quoad the principal, such a purchase is a mere payment of taxes, and vests no title in the purchaser.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 130–145; Dec. Dig. § 69.*]

2. TAXATION (§ 734*)—TAX SALE—VALIDITY.

Where the evidence shows that certain lands were assessed to certain parties, who paid taxes thereon, a tax sale of the premises under another assessment for taxes of the same year will be declared a nullity.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1408, 1470–1473; Dec. Dig. § 734.*]

3. EVIDENCE (§ 460*)—PAROL—TAX RECEIPTS.

Incorrect or vague descriptions of property indorsed on tax receipts do not conclude the tax debtor from showing on what particular tract or tracts of land the taxes were really paid.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2115–2128; Dec. Dig. § 460.*]

Appeal from Thirteenth Judicial District Court, Parish of Grant; W. F. Blackman, Judge.

Action by Alfred W. Bell, Sr., against the Germain Boyd Lumber Company. From judgment for defendant, plaintiff appeals. Affirmed.

C. H. McCain, of Colfax, for appellant. Harry Gamble, of New Orleans, and John D. Wilkinson, of Shreveport, for appellee.

LAND, J. This case is before us on a second appeal, having been remanded for further evidence. See 131 La. 974, 60 South. 635. Judgment was again rendered in favor of the defendant, and the plaintiff has appealed.

[1-3] Spanish section 44 was confirmed to Francois Leclair as containing 230.68 acres. This section appears on the Waddell map as lot 9, containing 276 acres. Lot 9 includes portions of the S. E. ¼ of section 28, of the S. W. ¼ of section 27, of the S. E. ¼ of section 33, and of the W. ½ of the W. ½ of section 34.

Plaintiff alleged that the defendant was in

actual possession of said described property, and engaged in cutting and removing the timber therefrom.

We annex plat marked "Plaintiff B" for reference. In 1893 John Bell bought at a tax sale the following described property assessed to Francois Leclair, unknown owner, to wit:

"242$^{5}/_{100}$ land, being section 44, township 8 north, range 5 west, and fractional section 87, township 7 north, range 4 west."

In 1901 Mrs. Virginia Bell bought at a tax sale the following described property assessed to John Bell, to wit:

"244 acres, Spanish section 44, T. 8 N., R. 5 west."

In March, 1906, Alfred W. Bell, Sr., bought at a tax sale the following described property, to wit:

"608 acres less 100 acres—Lots 8 and 9, except 100 acres in lot 8, township 8, range 5 west, Spanish section 44, 'Waddell survey.' "

The assessment under which the tax sale was made reads as follows:

"Succession of Virginia Bell, A. W. Bell, Agt.

"608 acres, lots 8 and 9, except 100 acres; and lot 8, T. 8 N., R. 5 west, Spanish section 44, Waddell survey."

Mrs. Virginia Bell died in 1901, and A. W. Bell, the surviving husband, acted as the agent of her succession, and had the property sold for taxes for the purpose of buying it in for himself.

MAP SHOWING LAND OF A.W.BELL – AS FOLLOWS:

TRACT 1 AND 2 OF LOT 6 _____ 258 ACRES.
LOT 7 _____ 388 "
" 8 _____ 388 "
" 9 ____ (OR SEC. 44) _____ 276 "
                    1310
LESS 100 A. IN LOTS 8 AND 9 ___ 100
                    1210

Bell transferred the lands to one of his sons, who shortly afterwards reconveyed the property to his father.

The defendant assails the tax sale to Bell on the ground that taxes for 1905 had been previously paid by the authors of its titles. On January 2, 1906, Richmond Willis paid taxes for 1905 on the following described lands, to wit:

"235 acres, that part of lot 9 and tract 3 of lot 8, Waddell land, S. & W. of Will Rogers, in Secs. 33 and 34, T. 8, R. 5 W."

In the sale from Rogers to Harrison made in 1895, the tract is described "the north end of lot nine and the north end of tract three of lot eight of Waddell survey." From the tax receipt of Harrison for the year 1905, it appears that he also paid taxes on some portion of lot 9.

In April, 1880, S. K. Williams sold to Mrs. Mary M. Christy, wife of William Christy, a tract of land described as follows:

"Beginning at the northwest corner of the lands known as the Waddell tract, Sec. 28, T. 8, R. 5 W., and running thence south eight degrees east for seven hundred and twenty six (726) yards, thence east eight degrees north for four hundred and ninety (490) yards to the line dividing lots 8 and 9 of the Waddell tract, thence north fifteen degrees west for five hundred and fifty (550) yards to the back line of the Waddell tract, thence west twenty degrees north for five hundred yards to the place of beginning, containing sixty-three acres more or less, together with all and singular the premises and appurtenances thereto belonging or in any wise appertaining."

This description covers the northwest part of lot 9 or section 44. It appears that W. F. Christy bought 40 acres of land adjoining the 63 acres on the south. Christy testified to the occupancy and possession of these tracts since the year 1880, and that he and his wife never owned other lands. Plaintiff's map C shows the "Molly Christy tract" as marked "B," "B," "B."

The tax receipts in the record shows that from 1884 to 1905, Mrs. Christy and her husband paid property taxes on land, properly described, misdescribed, and sometimes not described at all. As a general rule, the receipts called for 103 acres. For the year 1905 Mrs. Christy paid $5.35 on real estate described as follows:

"103 acres N. E. ¼ of S. E. ¼, Sec. 33, T. 8, R. 5 W., Waddell survey."

The sectional description is incorrect, but the number of acres, and the reference to the Waddell survey, taken in consideration with the titles of the parties and other tax receipts, and the fact that the Christys owned only two pieces of real estate, aggregating 103 acres, sufficiently identified the land. Mrs. Christy continued to pay, taxes on the same land down to the year 1911.

Richmond Willis paid taxes for the year 1905, on the following described real estate:

"235 acres, that part of lot 9 and tract 3, lot 8, Waddell lands, S. and W. of Will Rogers, being in Secs. 33 and 34 of T. 8, R. 5 W."

In 1889 John Young sold to Willis Rogers—

"the north end of lot 9 and the north end of tract 3, lot 8, of Waddell survey."

In 1895 Rogers sold by same description to T. J. Harrison. In 1896 R. L. Lowe sold to Richmond Willis—

"all that part of lot 9 and all that part of tract 3 of lot 8 of Waddell survey south and west of Will Rogers' land as surveyed, etc., containing in the aggregate 235 acres of land, more or less."

This description covers the south and west part of lot 9. Map C, filed by plaintiff, shows that the Richmond Willis tract marked "A," "A," "A," includes the south and southwest parts of lot 9.

T. J. Harrison paid taxes for 1905 on 1,020 acres of land, including—

"100 acres in the W. ½ of S. W. ¼, Sec. 27, and part of N. W. ¼, section 34, * * * township 8, R. 5 W."

Lot 9 lies partly in the said sections, and the maps and deeds show that Harrison owned the north part of lot 9 or Spanish section

44. The three tax receipts for the year 1905 were intended to cover all of said lot or section. If any part thereof was omitted, it has escaped our scrutiny, and has not been pointed out by the plaintiff. A. W. Bell, Sr., has no title to the lands sued for except what he derived from the tax sale of 1906. As "agent" of the succession of Mrs. Virginia Bell, his purchase at tax sale was a mere payment of the taxes for 1905. Cooley on Taxation (3d Ed.) 965–968. Hence by such purchase the plaintiff acquired no title as against the succession of Virginia Bell. Whether the said succession acquired a title by the tax purchase made by Mrs. Bell need not be considered.

Judgment affirmed.