O’NIELL, C. J.
 

 This is a petitory action to recover seven-eighths of a tract of land in Grant parish, containing 517.33 acres. The land is described as tract 1 of lot 6, and tracts 1, 2, and 3, being all of lot 7, on a
 
 *461
 
 map of the Pedro Heminez grant, recorded in Grant parish. There was judgment for the plaintiffs, from which the defendant has appealed.
 

 The plaintiffs claim title by inheritance from Mrs. Virginia Bell, who died in 1901. Five of the plaintiffs are children of Mrs. Bell. Two are the children of a deceased daughter, and one is the husband of another deceased daughter of Mrs. Bell. The last-mentioned daughter was survived by a child, who died four months after his mother’s death, and whose eighth interest in the estate was transmitted to his father. Mrs Virginia Bell bought the land from E. B. Gray and Venecia Brantley on the 23d of November, 1894. Mrs. Bell was then the wife of Alfred
 
 W.
 
 Bell and was separhte in property from him by judicial decree. The title of E. B. Gray and Venecia Brantley -is traced back to the government.
 

 The defendant claims title by virtue of a sheriff’s deed, dated the 4th of February, 1911, in foreclosure of a mortgage which defendant held against Alfred W. Bell, surviving husband of Mrs. Virginia Bell. Alfred W. Bell had title only for an eighth of the land, which he had acquired from Alfred W. Bell, Jr., one of his and Mrs. Virginia Bell's sons. It appears that Alfred W. Bell, Sr., sold the whole tract of land to Alfred W. Bell, Jr., on the 16th of June, 1910, and bought it from him two weeks later. Thus Alfred W. Bell, Jr., disposed of his eighth interest in the land, and is therefore not one of the plaintiffs in this suit.
 

 Alfred W. Bell, Sr., first undertook to obtain title for the land on the 12th of June, 1880, by the formality of selling it to one J. G. Calhoun and immediately buying it from him.
 

 The defendant also relies upon a tax deed to Alfred W. Bell, Sr.j dated the 24th of March, 1906. The tax sale was made under an assessment in the name .of Mrs. V. Bell. This court has already decided that the tax sale to Alfred W. Bell, who was the agent of his wife, Mrs. V. Bell, and was charged with the duty of paying the taxes, amounted to nothing more than a payment of the taxes. See Bell v. Germain Boyd Lumber Co., 134 La. 397, 64 So. 223; and same case in 131 La. 974, 60 So. 635. The tax deed has no importance in this case, for the further reason that the land described in the deed is in lots 8 and 9, not 6 or
 
 7
 
 of the map of the Pedro Heminez grant.
 

 Defendant pleaded the prescription of 10 years under the deed from Alfred W. Bell, Jr.; to Alfred W. Bell, Sr., dated the 30th.of June, 1910; the prescription of 10 and 30 years, claiming that Alfred W. Bell, Sr., had adverse possession under his deed from Calhoun, dated the 12th of June 1880; and ail of the prescriptions applying to tax deeds, under the tax deed which was decreed null in the case of Bell v. Germain Boyd Lumber Co.
 

 There is a lack of proof of adverse possession on the part of Alfred W. Bell for 30 years, and, as to the prescription of 10 years, it is sufficient to say that Bell could not possibly have bought in good faith from Calhoun, to whom he had just pretended to sell the land, or from his son, Alfred W., Jr., who, he knew, owned only an eighth interest in the land. And, as to the prescription pleaded in virtue of the tax deed, it is sufficient to repeat that the deed does not call for the land in contest.
 

 The defendant has also pleaded an estoppel, based upon the averment that the plaintiffs knew that their father had mortgaged the land, and stood by and saw the mortgage foreclosed, without protest. There is no evidence that the plaintiffs in any way acquiesced in their father’s mortgaging the land, or acquiesced in the foreclosure proceedings.
 

 Appellant complains that he was not allowed reimbursement for the taxes which he paid on the land -before this suit was filed.
 
 *463
 
 The plaintiffs claime'd the rental value of the land for the time the defendant had ,x>ossession of it, which rental value exceeded the amount of the taxes paid. The district judge rejected the plaintiffs’ claim for the excess, prior to judicial demand, but allowed them $100 a year from the date of judicial demand, and allowed the defendant a credit of $290 for improvements, which he had put upon the land. Our opinion is that that part of the judgment, relating to the rental value of the land, and the taxes paid and improvements made upon it, does justice to both sides.
 

 The judgment is affirmed at appellant’s cost.