A. F. HOLT AND SONS v. MARY LYNCH, INDIVIDUALLY AND AS ADMINIS-TRATRIX OF W. M. LYNCH, HER DECEASED HUSBAND.

(Filed 7 October, 1931.)

1. **Dower A b—Dower is widow's estate in one-third of lands, etc., of which husband was beneficially seized during coverture.**

   Dower is the life estate to which a married woman is entitled upon the death of her husband intestate or in case of her dissent from his will, and is one-third in value of all lands, tenements, and hereditaments, legal and equitable, of which the husband was beneficially seized at any time during coverture, and which her issue might inherit as heir to the husband, and upon the husband's death the right of dower is consummate.

2. **Dower C a—Respective rights of widow and creditors of husband's estate in regard to widow's dower right.**

   During the term of her life the widow's dower right is not ordinarily subject to the payment of debts of her husband's estate, and while the widow may subject her dower to the payment of the debts of her husband's estate by joining in his mortgage deed or conveyance in conformity to the statutory requirements, C. S., 4102, yet if his estate is solvent the dower need not be sold, and in the event that it is insolvent the estate must be administered according to the established rules.

3. **Dower C b—Procedure for allotment of dower right of widow and rights of creditors and widow in estate of deceased husband.**

   Where a wife has signed her husband's mortgage deed, observing the statutory requirements, and he has died intestate, the mortgagee is not entitled to have the lands sold and the value of the widow's dower paid to her out of the proceeds, but if there are no unsecured creditors of the husband's estate he should first take his claim out of the personal estate of the husband, but if the estate is insolvent, the widow's dower in the land should be laid out, and the remaining two-thirds of the lands sold and applied to the mortgage debt before sharing in the personal estate ratably with other creditors, and if this is not sufficient to pay the mortgage debt, he is entitled to have the dower interests sold and applied thereto, the widow having assigned her right as security for the debt.

4. **Same—Before allotting dower to widow heirs at law of deceased husband should be made parties.**

   Before allotment of dower is made in the lands of a deceased husband dying intestate his heirs at law should be made parties plaintiff or defendant. C. S., 456, 457, 460.

APPEAL by respondent from *Sinclair, J.,* at Chambers in JOHNSTON. Error.

The proceeding was brought for appraising dower and paying the value thereof out of funds derived from a sale under the power conferred in a deed of trust.

On 7 January, 1929, W. M. Lynch died intestate seized of a tract of land in Johnston County, subject to a deed of trust executed by himself and Mary Lynch, his wife, to Jack Smith, trustee, to secure a debt the husband owed H. Weil and Brothers of Goldsboro. The plaintiff bought the bond secured by the deed of trust and caused the land to be sold. By consent of parties the sale was set aside. Judge Sinclair then appointed commissioners to sell the land by public auction and to make a report of the sale. He restored the former situation of the parties and adjudged that "Mary, wife of W. M. Lynch, receive as the value of her dower upon said lands, so much of said funds as is equal to a one-third interest in the same for the term of her natural life based upon the purchase price of the said land at the sale herein decreed, and that upon payment of said sum, . . . from which shall be deducted one-third of the taxes upon the said lands for the years 1928, 1929, 1930, the said Mary Lynch . . . is forever barred from any and all claims against the said land." This is followed by an order for the distribution of the funds.

The respondent excepted and appealed.

*F. H. Brooks for appellant.*
*Abell & Shepard for appellees.*

ADAMS, J. The trial court set aside the trustee's sale and restored the parties to their former relation. The proceeding may therefore be treated as a suit to foreclose the deed of trust and to administer the intestate's estate. In these circumstances what are the widow's rights with respect to dower?

In her answer Mrs. Lynch alleges that she is entitled to dower in the land of which her husband was seized during coverture and that the remaining two-thirds is of sufficient value to satisfy the deed of trust and all other claims. While the record contains an intimation that the estate of the deceased is solvent, whether in fact it is, is an undetermined question, as is also the suggestion that the intestate may have been seized of other lands.

Upon the death of the husband the widow's right of dower was consummate. She joined him in the execution of the deed of trust and thereby subjected herself to the following provision: "The right to dower under this chapter shall pass and be effectual against any widow, or person claiming under her, upon the wife joining with her husband in the deed of conveyance and being privately examined as to her consent thereto in the manner prescribed by law." C. S., 4102. See *Griffin*

*v. Griffin,* 191 N. C., 227, and compare *Blower Co. v. MacKenzie,* 197 N. C., 152.

It is possible that Mrs. Lynch's interest in the mortgaged land may finally be exhausted. Still, "dower is a favorite of the law" and the widow has an equity of exoneration as against unsecured creditors, heirs, and the next of kin. *Campbell v. Murphy,* 55 N. C., 357; *Creecy v. Pearce,* 69 N. C., 67.

Dower is a life estate to which every married woman is entitled upon the death of her husband intestate, or in case of her dissent from his will, being one-third in value of all the lands, tenements, and hereditaments, legal and equitable, of which her husband was beneficially seized in law or in fact at any time during coverture, and which her issue might by possibility inherit as heir to the husband. *Chemical Co. v. Walston,* 187 N. C., 817. This estate, that is, the dower or right of dower, is not ordinarily subject to the payment of debts due from the estate of her husband during the term of the widow's life; it is subject only to such debts of the husband as are a charge on the land. C. S., 4098; *Creecy v. Pearce, supra.*

If, as contended by the appellant, the estate of her deceased husband is solvent it may not be necessary to sell the dower at all. In view of this contention and of the undetermined value of the intestate's estate the appellant is entitled to have her dower laid off and a sale made of the remaining two-thirds of the land and, if necessary, of the reversion in the dower, in exoneration of the dower itself. *Caroon v. Cooper,* 63 N. C., 386; *Overton v. Hinton,* 123 N. C., 1. If the sale raises funds sufficient to satisfy all claims against the estate the dower will not be disturbed during the life of the widow.

On the other hand, if the estate turns out to be insolvent the law must be administered according to the rule stated in *Chemical Co. v. Walston, supra:* "Before the mortgagee can enforce his security against the widow's dower, after the death of the husband, he must first take his claim out of the personal estate of the deceased (the fund primarily liable), if there be sufficient assets to pay said debt. But if the estate be insolvent, the other creditors are entitled to have the mortgagee exhaust his collateral security by sale of the two-thirds of land not embraced in the dower and the reversion in the dower land before sharing in the personal estate, and the mortgagee's claim will be reduced by whatever amount he derives from the sale of his collateral security, and only the balance of his claim will then share ratably with the other creditors in the personal estate, and should this be not enough to pay the mortgage debt he would then be entitled to collect the residue of his claim out of the widow's dower in the land assigned as security for his debt."

Under the facts disclosed by the record the widow is entitled to an actual allotment of dower, subject to the principles above stated. In this way the equitable protection of the rights of all parties can best be subserved; but before the allotment is made the heirs of the deceased husband should be made parties plaintiff or defendant. C. S., 456, 457, 460.