CLIFTON B. CREECH, LOLA BALLARD, POWELL CREECH, LOISE CREECH, IVAN JUNIOR CREECH, AND CECIL CREECH, THE LAST FOUR BEING MINORS AND APPEARING BY D. E. O'NEAL, THE NEXT FRIEND, v. W. J. WILDER.

(Filed 13 October, 1937.)

1. **Executors and Administrators §§ 13a, 26—Estate is not settled until all debts are paid or all assets exhausted.**

   Where the personalty is insufficient to pay all debts of the estate, it is the duty of the administrator to make application, without undue delay, for sale of the real estate to make assets, C. S., 74, and a report showing all debts paid except a mortgage indebtedness cannot constitute a final account, since the duties and obligations of administration continue until all debts are paid or all assets exhausted. C. S., 105.

2. **Descent and Distribution § 13: Trusts § 15—Widow assuming to pay mortgage indebtedness in her report as administratrix is in position of trust for heirs.**

   Where a widow, qualifying as administratrix of her husband, files report denominated "final account," showing payment of all debts except a mortgage indebtedness, which she therein assumes to pay, she continues in a position of trust in relation to the heirs, the estate not having been finally settled, and her dower interest being a life estate, she could acquire no title adverse to the heirs as remaindermen, and if she should buy in the property at the foreclosure sale of the mortgage, she would hold title in trust for herself and children as heirs, and the records of administration and her report would be notice to the world of her position.

3. **Mortgages § 33—**

   While the last and highest bidder at a sale under a mortgage acquires no title until the expiration of the ten-day period, C. S., 2591, he is a preferred bidder and may assign his bid, but his assignee takes only such interest as he had.

CREECH v. WILDER.

**4. Mortgages § 39b—**

Where the last and highest bidder at a mortgage sale is in a position of trust in relation to the owners of the equity, so that if deed were made to her she would hold for their benefit, the assignee of her bid takes in the same relationship and holds the title in trust.

**5. Mortgages § 39f—**

Where a foreclosure is attacked for fraud for that the last and highest bidder was in a position of trust in relation to the owners of the equity, evidence of gross inadequacy of purchase price is competent on the issue of fraud, and evidence of the rental value is also competent on and relevant to equitable adjustment between the parties.

APPEAL by plaintiffs from *Spears, J.,* at February Term, 1937, of JOHNSTON.

Action to have defendant adjudged to hold title to land described in the complaint as trustee for the plaintiffs.

It is admitted of record that on 7 February, 1921, J. Ivan Creech was the owner of the land in question; and that on that date the said J. Ivan Creech and his wife, Lillie Creech, executed to the Bank of Kenly a mortgage deed, duly registered in the office of the' register of deeds of Johnston County, conveying the said land as security for an indebtedness of $2,500, evidenced by note due 1 January, 1922, and in which the usual power of sale was given.

Plaintiffs allege, and offer evidence tending to show, that J. Ivan Creech died intestate on 4 January, 1927, leaving surviving Lillie Creech, his widow, and the plaintiffs, his children, as his only heirs at law; that on 29 January, 1927, Lillie Creech, his widow, was duly appointed and qualified as administratrix of the estate of said J. Ivan Creech, record of which was duly made, and as such, on 19 March, 1930, she filed verified report in the office of the clerk of Superior Court of Johnston County, marked "Final Account." In this report she sets forth in effect that all personalty of the estate has been exhausted, that all debts except on real estate have been paid, and that "she has assumed the payment of the land debt," upon which she asks acceptance of the account and discharge of herself and her sureties. The clerk of Superior Court on the same day made an order accepting the account and releasing the administratrix and her sureties. Both the account and the order were duly recorded in the Book of Final Accounts in office of said clerk, and are the last entries in the clerk's office concerning said estate.

Plaintiffs offered for the purpose of attack only record of registration on 7 December, 1933, of what purports to be a deed, dated 1 December, 1933, from and in the names of R. H. Stevens, liquidating agent for and on behalf of the Bank of Kenly, original mortgagee, and Oscar Creech, executor of the last will and testament of R. R. Creech, deceased, trans-

feree of the Bank of Kenly, to defendant W. J. Wilder, in which the following recital appears: "That whereas, by a certain mortgage deed made by J. I. Creech and wife, Lillie Creech, to the said Bank of Kenly, on 7 February, 1933, to secure payment of a debt of $2,500, and interest, due to said Bank of Kenly, as will fully appear by reference being had to said deed (see register's office of Johnston County, Book 92, page 283), the conditions of which not being complied with, the said Oscar Creech, executor of R. R. Creech, deceased, transferee of the Bank of Kenly, original mortgagee, did, according to said conditions, expose to public sale, on 14 November, 1933, the property therein mentioned, and thereby conveyed, that is to say, the tract of land described in said mortgage deed, and the said Mrs. Lillie Creech, being the last and highest bidder at the price of $390.00, and the said Lillie Creech, having transferred and assigned her bid for value to W. J. Wilder, the said W. J. Wilder became the lawful purchaser, and the said bid not having been raised within 10 days, the said W. J. Wilder became the lawful purchaser." The land therein described is the land in question, containing 39⅝ acres, more or less.

Plaintiffs allege that at the time of the sale the land was reasonably worth the sum of $2,000, that the reasonable rental value for 1934 and subsequent years was $200.00 per year, and "that the said Lillie Creech, the mother of the plaintiffs and the administratrix of the estate of their father, J. Ivan Creech, after she had assumed the payment of said debt, if there was any due thereon, in her final account as administratrix for the purpose of wrongfully and fraudulently depriving the plaintiffs of their interest therein as heirs at law of their father, J. Ivan Creech, procured said lands to be sold under the old mortgage, above described, executed to the Bank of Kenly and became the purchaser therefor at the sum of $390.00, which is only a small percentage of its real value, and that on account of said fraud, and her relation to the said property, and her duty to protect the interest of the plaintiffs, heirs at law of the estate for which she was administratrix, any title that she acquired by virtue of said sale, and her said purchase at said sale, she held as trustee for herself as the widow and the plaintiffs as heirs at law in said estate."

Plaintiffs further allege that, by the records of administration and of final accounts, the defendant was fixed with notice of the relation of Lillie Creech to the estate, and that she had assumed the payment of the mortgage debt, and that by taking assignment of her bid, he acquired no better right than she had, that is, in event bid should not be raised, to take title to the land in trust for the widow and heirs of J. Ivan Creech, and pray decree.

Plaintiffs further offered testimony tending to show that of the land in question 17 or 18 acres are cleared land. Plaintiffs then proposed to

offer evidence to show the value of the land and its rental value, to which objections were sustained, and plaintiffs excepted.

From judgment as of nonsuit at the close of plaintiffs' evidence, plaintiffs appealed to the Supreme Court, and assigned error.

*Parker & Lee for plaintiffs, appellants.*
*A. M. Noble and Wellons & Wellons for defendant, appellee.*

WINBORNE, J. The principal questions on this appeal are: (1) Where bidder at mortgage sale, who occupies a position of trust with relation to the holders of equitable title, assigns her bid, does assignee take in same relationship? (2) Is evidence of the value and rental value at the time of mortgage sale competent on the issue of fraud? (3) Is judgment as of nonsuit erroneous? On the fact situation of the case, each question is answered "Yes."

1. The record discloses that Mrs. Lillie Creech, widow of J. Ivan Creech, was appointed administratrix of his estate and her recorded report shows that after exhausting the personal assets of the estate, she personally assumed the payment of a debt of the intestate secured by mortgage on the land in question.

When personal estate of the decedent is insufficient to pay the debts and charges of administration, the administrator may, at any time after the granting of letters, apply to the Superior Court for authority to sell the real estate to create assets with which to pay the debts. C. S., 74. It becomes the duty of the administrator to make such application, *Parker v. Porter,* 208 N. C., 31, and to do so without undue delay, *Pelletier v. Saunders,* 67 N. C., 261; *Clement v. Cozart,* 109 N. C., 173, 13 S. E., 86. Until the debts have been paid, or the assets of the estate exhausted, the estate is not settled, and the duties and the obligations of the administrator continue. C. S., 105. The records of administration and of report termed "Final Account" were constructive notice to the world.

In the instant case the administratrix filed what she designated as her "Final Account," and having therein taken upon herself the obligation to pay the unsettled debt secured by the mortgage deed, she continued in a position of trust with relation to the heirs of the intestate. If she had taken title to the land pursuant to the mortgage sale, she would have held that title in trust for the benefit of herself, as widow, and the heirs subject to reimbursement.

While the last and highest bidder at a sale under mortgage acquires no right or title of possession during the 10-day period required by law for raising the bid, he becomes a preferred bidder. C. S., 2591. *Harrell v. Blythe,* 140 N. C., 415, 53 S. E., 232; *Upchurch v. Upchurch,* 173 N. C., 88, 91 S. E., 702; *In re Sermon's Land,* 182 N. C., 122, 108 S. E.,

497; *Cherry v. Gilliam,* 195 N. C., 233, 141 S. E., 594; *Davis v. Ins. Co.,* 197 N. C., 617, 150 S. E., 120.

In *Sermon's case, supra,* it is stated that the bidder at a mortgage sale "acquires a position similar to a bidder at a judicial sale and before confirmation."

In this State it has been repeatedly held that the purchaser at judicial or sheriff's sales might assign his bid, and the commissioner or sheriff charged to make the title, could make the same to the assignee. *Smith v. Kelly,* 7 N. C., 507; *Testerman v. Poe,* 19 N. C., 103; *Campbell v. Baker,* 51 N. C., 256; *Ward v. Lowndes,* 96 N. C., 375; 35 C. J., 93, sec. 147.

Whether the assignee takes with notice, we think the rule stated in 35 C. J., 94, sec. 149, is reasonable in principle: "The assignee of a bid takes the same interest that his assignor had, and stands in his shoes and is subject to whatever may be ordered against the original bidder and whatever defenses may be interposed against the latter."

Again, in 21 C. J., 942, sec. 74, it is stated: "If the life tenant purchases . . . the property at a sale to satisfy an encumbrance, he cannot hold such . . . property to his exclusive benefit, but will be deemed to have made the purchase for the benefit of himself and the remainderman or reversioner. . . . If the life tenant pays more than his proportionate share, he simply becomes a creditor of the estate for that amount." Again, on the same page, it is stated: "Neither a life tenant, nor one claiming under him, who allows property to be sold for taxes, or the satisfaction of an encumbrance, . . . can acquire a title adverse to the remainderman or reversioner by purchasing at the sale."

Dower is a life estate. *Holt v. Lynch,* 201 N. C., 404, 160 S. E., 469; *Chemical Co. v. Walston,* 187 N. C., 817, 123 S. E., 196.

2. If the value of the land were greatly in excess of the bid, it would be a circumstance for the consideration of the jury on the issue of fraud. Mere inadequacy of purchase price alone is not sufficient to upset a sale when duly and regularly made. "But gross inadequacy of consideration, when coupled with any other inequitable element, even though neither, standing alone, may be sufficient for the purpose, will induce a court of equity to interpose and do justice between the parties." *Weir v. Weir,* 196 N. C., 268, 145 S. E., 281; *Roberson v. Matthews,* 200 N. C., 241, 156 S. E., 496.

Evidence as to rental value is also competent on and relevant to equitable adjustment.

3. For the reasons stated above, the judgment as of nonsuit was erroneously granted.

The judgment below is

Reversed.