LUCY H. FARABOW, INDIVIDUALLY, AND LUCY H. FARABOW, ADMINISTRATRIX OF K. B. FARABOW, v. ELY J. PERRY.

(Filed 7 April, 1943.)

1. **Adverse Possession § 4f—**

   Possession of a widow, to whom no dower has been assigned, is not adverse to the heirs at law of her husband.

2. **Estates § 9a: Adverse Possession § 17—**

   If the life tenant purchases the property at a sale to satisfy an encumbrance, he cannot hold such property to his exclusive benefit, but will be deemed to have made the purchase for the benefit of himself and the remainderman or reversioner. Dower is a life estate.

3. **Adverse Possession § 9a: Limitation of Actions § 2b—**

   While a deed will give color of title so as to permit a plea of the statute of limitations by the grantee, even though the grantor is chargeable with fraud, if the grantee accepts the deed in good faith without knowledge of the fraud, actual fraud is neither sanctioned nor cured by the statute of limitations.

4. **Adverse Possession §§ 4f, 9a: Limitation of Actions § 2b—**

   A widow, in possession of lands of which her husband died seized and possessed and in which she is entitled to dower which was never set apart to her, cannot perfect title to the premises in herself by claiming adverse possession under color of title for seven years, where it appears she mortgaged the premises, intentionally defaulted, and purchased the property at her own mortgage sale in order to obtain a deed on which to rely as color of title.

APPEAL by plaintiff from *Thompson, J.,* at November Term, 1942, of LENOIR.

The facts essential to a determination of this cause appear in the following parts of the judgment entered below:

"1. That the said Fred Hardy died intestate in Lenoir County on October 23, 1923, seized and in possession of that certain lot of land situated in the City of Kinston, Lenoir County, North Carolina, and

described in deed by J. A. McDaniel and wife, to Fred Hardy, dated December 7, 1914, and recorded in the office of the Register of Deeds of Lenoir County in Book 46, at page 465. That the said Fred Hardy left surviving him as his sole heirs at law and next of kin a half-brother, James Worthington, and a sister, Sarah Hardy Mason, and his widow, Lucy Hardy. That after the death of the said Fred Hardy, his widow, Lucy Hardy, continued in possession of the said premises, living in the house located thereon without having her dower allotted.

"2. That on April 26, 1929, the said Lucy Hardy, widow, executed and delivered unto A. I. Gross and A. L. Pearson a mortgage deed, upon the said lot of land, to secure certain indebtedness as set forth in said mortgage deed, the same appearing of record in the office of the Register of Deeds of Lenoir County, in Book 106, page 174. That there was a purported foreclosure sale under the power of sale contained in said mortgage deed by said mortgagees on January 3, 1930, at which purported sale the said mortgagor in possession, Lucy Hardy, became the last and highest bidder for said lands, and on January 14, 1930, the mortgagees executed and delivered a purported mortgagees' deed covering and purporting to convey unto her the lot of land in question. Said mortgagees' deed was filed for record in the office of the Register of Deeds of Lenoir County on January 15, 1930, and appears of record in Book 105, page 457. The mortgagees on August 18, 1931, acknowledged the satisfaction of the mortgage on the margin of the record over their signatures.

"3. That on February 1, 1937, the said Lucy Hardy executed and delivered to George B. Greene, Trustee, for K. B. Farabow, a purported Deed of Trust upon the lot of land in question securing a purported indebtedness of $485.00, the same being filed for record on February 2, 1937, and recorded in the office of the Register of Deeds of Lenoir County, in Book 153, page 277.

"4. That the said Lucy Hardy who had continued in uninterrupted possession of the said premises since the death of her husband, Fred Hardy, without her dower having been allotted, died intestate on December 22, 1939, leaving as her heirs at law certain brothers and sisters or issue of such. That one of her brothers, Richard Coley, on January 9, 1940, qualified as administrator of her estate and took possession of the premises in question, by renting the same and collecting the rents, and collected rents until on or about February 2, 1942, when the said administrator, through his attorney, attempted to foreclose the aforesaid deed of trust from Lucy Hardy to George B. Greene, Trustee, and, at said purported foreclosure sale, one, William Whitehead, became the last and highest bidder, and after ten days had elapsed, the said purported purchaser refused to take title under said purported sale. That on the

16th day of February, 1942, the administrator of Lucy Hardy's estate, filed his final account as administrator without taking any further action with respect to the premises in question.

"5. That on February 13, 1942, James Worthington and wife executed and delivered to the defendant, Ely J. Perry, their deed conveying unto him a one-half undivided interest in the premises in question. Said deed being filed for record on February 14, 1942, and recorded in the office of the Register of Deeds of Lenoir County in Book 197, at page 163; and on February 14, 1942, the said Sarah Hardy Mason and husband executed and delivered unto the defendant, Ely J. Perry, their deed conveying unto him a one-half undivided interest in the premises in question, which said deed was filed for record on February 14, 1942, and recorded in the office of the Register of Deeds of Lenoir County in Book 197, page 163. That the said Ely J. Perry, Grantee, in said deeds, took possession of the premises on February 14, 1942, from the administrator of Lucy Hardy, deceased, who had collected rents up to that date, and thereafter the said Ely J. Perry exercised full possession and control of the premises and collected rents, and is now in possession and collects said rents.

"6. That George B. Greene, Trustee in the aforesaid deed of trust from Lucy Hardy to K. B. Farabow, on March 28, 1942, purported to foreclose the premises under said power of sale and at said sale held at the Courthouse door, Lucy H. Farabow, the plaintiff, being the widow and administratrix of K. B. Farabow, deceased, became the last and highest bidder for said lot of land. That prior to said sale, the defendant, Ely J. Perry, delivered to the Trustee and caused to be read a written notice of his claim of ownership of the premises. That George B. Greene, Trustee, on April 15, 1942, executed and delivered unto the said Lucy H. Farabow a Trustee's deed for the premises. Pursuant to the purported sale the Trustee's deed was filed for record in the office of the Register of Deeds of Lenoir County on August 27, 1942.

"7. That after the death of the said Fred Hardy on October 23, 1923, and until the time of her own death on December 22, 1939, the said Lucy Hardy, widow, made no application to have dower assigned to her in the premises nor were any steps taken by anyone else to have such dower allotted and assigned, and no dower was assigned. That at the time of the death of the said Fred Hardy he and the said Lucy Hardy, his wife, resided in the residence on said lot of land, and after his death the said Lucy Hardy continued to reside in the said residence and was in possession of the said lot of land continuously and until her own death and her possession during all of said period was peaceable and undisturbed by any of the heirs at law of the said Fred Hardy, deceased, or anyone claiming under them, and no one except the said Lucy Hardy was in possession or exercised any control of same.

"Upon the foregoing facts and the agreed statement of facts, the Court is of the opinion, and now holds, that the defendant, Ely J. Perry, is the lawful owner and is entitled to the possession of the premises referred to, and, thereupon it is Ordered, Adjudged and Decreed by the Court as follows:

"1. That the defendant, Ely J. Perry, pursuant to the two deeds referred to herein in the findings of fact above set forth, is seized in fee simple and is entitled to the possession as owner of that certain lot of land situated in the City of Kinston, Lenoir County, North Carolina, and bounded as follows: . . .

"2. That the plaintiff, Lucy H. Farabow, owns and holds no interest whatever in said lands by virtue of the Trustee's Deed from George B. Greene to her, hereinbefore referred to in the findings of fact in this judgment, and the plaintiff has no interest therein or right of possession thereto.

"3. That the plaintiff neither individually, nor as administratrix, is entitled to recover any sum whatever of the defendant as rents.

"4. That the defendant is not entitled to recover of the plaintiff, administratrix, any sum whatever as rents paid to said administratrix by the administrator of Lucy Hardy, deceased, prior to the execution of the deeds to the defendant from the heirs at law of Fred Hardy, deceased.

"5. That the Trustees' deed from George B. Greene, Trustee, to Mrs. Lucy H. Farabow, dated April 16, 1942, and appearing of record in the office of the Register of Deeds of Lenoir County in Book . . . ., page . . . . . ., being the same above referred to, is hereby declared void and of no effect and the same is vacated and set aside and ordered canceled of record, and, to that end, it is hereby ordered that a copy of this judgment be certified to the office of the Register of Deeds of Lenoir County. . . ."

Plaintiff appeals from the foregoing judgment and assigns error.

*Matt H. Allen and Geo. B. Greene for plaintiff.*
*R. A. Whitaker and J. A. Jones for defendant.*

DENNY, J. Lucy Hardy, widow of Fred Hardy, remained in possession of the lands of which her husband died seized and possessed, and in which lands she was entitled to dower, but which dower was never set apart to her. While she was in possession, as the widow of Fred Hardy, she executed a mortgage deed on the premises, defaulted in the payment thereof, and at the foreclosure sale became the purchaser of the property. Does the deed from her mortgagees to her constitute color of title?

In our opinion a widow, while in possession of the lands of which her husband died seized and possessed, and in which lands she is entitled to

dower, but which dower was never set apart to her, cannot perfect title to the premises in herself by claiming adverse possession under color of title for seven years, where it appears she mortgaged the premises, intentionally defaulted, and purchased the property at her own mort-gagees' sale in order that she might obtain a deed on which she could rely as color of title. 2 C. J. S., sec. 170, p. 744; *Bell v. Bell,* 159 La., 460, 105 So., 509.

In this case the widow, not having had dower assigned to her, had nothing to convey at the time she mortgaged the premises, and the mort-gagors had nothing to foreclose at the time of the purported foreclosure sale. The mortgagees apparently were the agents of the mortgagor and entered into the arrangement for a foreclosure sale for the sole purpose of defrauding the heirs of the widow's deceased husband out of their inheritance. She mortgaged the premises for $389.75, on April 26, 1929, and paid the mortgagees $400.00 for the property at the foreclosure sale on January 2, 1930. If she had the money to purchase the property for $400.00 at the foreclosure sale, she could have paid off the indebtedness secured by her mortgage without foreclosure, and it was her duty to have done so.

"The courts have consistently held that a deed will give color of title so as to permit a plea of the Statute of Limitations by the grantee, even though the grantor is chargeable with fraud, if the grantee accepts the deed in good faith without knowledge of the fraud. While the matter of fraud is thus considered immaterial by some courts, actual fraud is neither sanctioned nor cured by the Statute of Limitations." 1 Am. Jur., sec. 198, p. 903. A party who acts in bad faith is not protected or benefited by the statute of limitations. *Baker v. Schofield,* 243 U. S., 114, 61 Law Ed., 626.

Even though it should be conceded that the mortgagees' deed under consideration constituted color of title, we do not think the title to the land in controversy was perfected in Lucy Hardy, widow of Fred Hardy. There is nothing in this record to indicate that she entered into posses-sion under this deed adversely to the rightful heirs; but, on the contrary, it is admitted that she was in possession of the lands involved herein after the death of her husband, on 23 October, 1923, until her own death, on 22 December, 1939, and that during said period she was in the peace-able possession of said land, undisturbed by the heirs or anyone claiming under them.

In *Nixon v. Williams,* 95 N. C., 103, in discussing the possession of the widow, the Court, speaking through *Merrimon, J.,* said: "The widow entitled to dower remained upon the land after the death of her husband, and continued to do so several years, but no dower was ever assigned to her. Her possession was not adverse to the wife of the plaintiff, in her

lifetime; indeed, she was in possession under her, and the defendant's presence did not have the effect to prevent the seizin of the plaintiff's wife, or his rights as the husband." The foregoing case was cited in *Atwell v. Shook,* 133 N. C., 387, 45 S. E., 777, and the principle as deduced therefrom stated thusly: "The possession of a widow, to whom no dower has been assigned, is not adverse to the heirs at law of her deceased husband." *Page v. Branch,* 97 N. C., 97; *Everett v. Newton,* 118 N. C., 919, 23 S. E., 961. "In 21 C. J., 942, sec. 74, it is stated: 'If the life tenant purchases . . . the property at a sale to satisfy an encumbrance, he cannot hold such . . . property to his exclusive benefit, but will be deemed to have made the purchase for the benefit of himself and the remainderman or reversioner . . . If the life tenant pays more than his proportionate share, he simply becomes a creditor of the estate for that amount.' Again, on the same page, it is stated: 'Neither a life tenant, nor one claiming under him, who allows property to be sold for taxes, or the satisfaction of an encumbrance, . . . can acquire a title adverse to the remainderman or reversioner by purchasing at the sale.' Dower is a life estate. *Holt v. Lynch,* 201 N. C., 404, 160 S. E., 469; *Chemical Co. v. Walston,* 187 N. C., 817, 123 S. E., 196." *Creech v. Wilder,* 212 N. C., 162, 193 S. E., 281. Therefore, if the possession is not adverse, her occupancy for more than twenty years would not have perfected title in her. Likewise, a deed, which ordinarily would be color of title, does not draw to the claimant the protection of the statute of limitations where the requisites of adverse possession are not present. 1 Am. Jur., sec. 196, p. 901. *Barbee v. Bumpass,* 191 N. C., 521, 137 S. E., 275; *Clendenin v. Clendenin,* 181 N. C., 465, 107 S. E., 458.

A deed procured by a widow, under the circumstances disclosed in this record, where there is no evidence that the character of her possession was in any manner changed thereby, and no evidence of express notice having been given to the rightful heirs of any intention to claim adversely to them, is insufficient to convert the possession of the widow, which is not adverse to the rightful heirs, into possession adverse to them. 2 C. J., sec. 210, p. 124.

The judgment of the court below is

Affirmed.