MIRIAM GAITHER THOMPSON, RUTH LITAKER HAYDEN, SALLY M. LITAKER, AND HELEN BAILEY v. HAROLD L. WATKINS, SR., EXECUTOR OF THE ESTATE OF ANNA L. LITAKER; HAROLD L. WATKINS, SR., INDIVIDUALLY AND WIFE JUANITA WATKINS; SADIE W. CARR AND HUSBAND FRANK CARR; MILDRED W. BOST BLACK AND HUSBAND FLORENCE BLACK, AND WALTER C. LITAKER, INCOMPETENT

No. 7219SC212

(Filed 28 June 1972)

Mortgages and Deeds of Trust § 28; Estates § 4— life estate — foreclosure sale — purchase by life tenant

Plaintiffs' allegations that they are the remaindermen of property under the terms of a will, that the life tenant permitted a deed of trust on the property to be foreclosed and then purchased the property at the foreclosure sale and that the life tenant died and attempted to devise the property, *held* sufficient to state a claim for relief in plaintiffs' action that they be adjudged owners of the property, since a life tenant who allows property to be sold to satisfy an encumbrance cannot acquire title adverse to the remaindermen by purchasing at the foreclosure sale, but is deemed to have made the purchase for the benefit of himself and the remaindermen.

APPEAL by plaintiffs from *Johnston, Judge,* 2 November 1971 Session of Superior Court held in CABARRUS County.

Plaintiffs filed the following complaint on 24 April 1970:

"Plaintiffs, complaining of the defendants, allege:

1. That plaintiffs and Walter C. Litaker are the owners of a house and lot on the East side of Tournament Street in the City of Concord under the Will of Walter R. Litaker which is recorded in Will Book 9, page 253, Cabarrus County Registry, said property having been conveyed to Walter R. Litaker in Deed Book 77, page 236.

2. That in said Will, Walter R. Litaker devised his property to his wife, Anna L. Litaker, for her lifetime with the remainder to plaintiffs and defendant Walter C. Litaker, who was declared incompetent on June 4, 1928, and Edgar Litaker, who died without issue, never having married.

3. That at the death of Walter R. Litaker the said property was subject to a deed of trust to G. H. Hendrix, Trustee, and the life tenant, Anna L. Litaker, permitted said deed of trust to be foreclosed and she purchased said land at said foreclosure sale; that the said Anna L. Litaker as life tenant held the remainder of said property for the benefit of the plaintiffs.

4. That Anna L. Litaker died on October 6, 1969, and her Will was probated on October 27, 1969, and recorded in Will Book 16, page 252; that Anna L. Litaker by her Will attempted to devise said house and lot to the defendants Sadie W. Carr, Mildred W. Bost, and Harold L. Watkins, Sr.

5. That the defendants Sadie W. Carr, Mildred W. Bost, and Harold L. Watkins, Sr., under and by virtue of the Will of Walter R. Litaker and the Trustee's Deed to Anna L. Litaker recorded in Deed Book 182, page 31, Cabarrus County Registry, claim an interest adverse to the plaintiffs and Walter C. Litaker, Incompetent, in the real property located on the East side of Tournament Street in the City of Concord which was conveyed to Walter R. Litaker by Deed recorded in Deed Book 77, page 236, Cabarrus County Registry.

WHEREFORE, plaintiffs pray that they be adjudged to be the owners and entitled to the immediate possession of said property under the Will of Walter R. Litaker; that the Trustee's Deed to Anna L. Litaker be set aside and the provision in the Will of Anna L. Litaker devising said property be declared void; that the costs of this action be taxed against the defendants; and for such other and further relief as plaintiffs may be entitled to in the premises."

Defendants filed a motion to dismiss the action for failure to state a claim upon which relief can be granted. From the

entry of judgment allowing defendants' motion and dismissing the action, plaintiffs appeal.

*Williams, Willeford, and Boger, by John R. Boger, Jr., for plaintiff appellant.*

*Hartsell, Hartsell, and Mills by W. Erwin Spainhour for defendant appellee.*

VAUGHN, Judge.

Appellants assignment of error is that the trial court erred in granting defendants' motion to dismiss. This Court, in *Cassels v. Motor Co.,* 10 N.C. App. 51, 178 S.E. 2d 12, stated that, "A complaint is sufficient to withstand a motion to dismiss where no insurmountable bar to recovery on the claim alleged appears on the face of the complaint and where allegations contained therein are sufficient to give a defendant sufficient notice of the nature and basis of plaintiffs' claim to enable him to answer and prepare for trial." See also, *Redevelopment Comm. v. Grimes,* 277 N.C. 634, 178 S.E. 2d 345; *Sutton v. Duke,* 277 N.C. 94, 176 S.E. 2d 161.

The judgment granting defendants' motion was based largely on the following "finding of fact:"

"5. Plaintiffs have not alleged and have not moved to amend their complaint to allege that Anna L. Litaker did, in any way or manner, occupy a fiduciary relationship with the plaintiffs; or that by her purchase at foreclosure she practiced a fraud upon the plaintiffs; or that her relationship to the plaintiffs was anything other than that of life tenant to remaindermen; or that less than a full and adequate consideration was paid by Anna L. Litaker for said property."

The Supreme Court of North Carolina, in *Morehead v. Harris,* 262 N.C. 330, 137 S.E. 2d 174, stated:

"If a life tenant purchases the property at a sale to satisfy an encumbrance, he cannot hold such property to his exclusive benefit, but will be deemed to have made the purchase for the benefit of himself and the remainderman or reversioner. If the life tenant pays more than his proportionate share, he simply becomes a creditor of the estate for that amount. * * *

* * *

A life tenant who allows property to be sold to satisfy taxes or other encumbrance cannot acquire a title adverse to the remainderman or revisioner by purchasing at the sale. * * * "

See also *Farabow v. Perry*, 223 N.C. 21, 25 S.E. 2d 173; *Creech v. Wilder*, 212 N.C. 162, 193 S.E. 281; 51 Am. Jur. 2d, Life Tenants and Remaindermen § 280; Webster, *Real Estate Law In North Carolina* (1971) § 62.

Plaintiffs' complaint qualifies as "[a] short and plain statement of the claim sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved. . . , " thereby complying with Rule 8(a) of the North Carolina Rules of Civil Procedure. Plaintiffs have stated a claim upon which relief can be granted and it was error for the trial court to grant defendants' motion to dismiss.

Reversed.

Judges MORRIS and GRAHAM concur.