MIRIAM GAITHER THOMPSON, RUTH LITAKER HAYDEN, SALLY M. LITAKER AND HELEN BAILEY v. HAROLD L. WATKINS, SR., EXECUTOR OF THE ESTATE OF ANNA L. LITAKER; HAROLD L. WATKINS, SR., INDIVIDUALLY, AND WIFE JUANITA WATKINS; SADIE W. CARR AND HUSBAND FRANK CARR; MILDRED W. BOST BLACK AND HUSBAND FLORENCE BLACK; AND WALTER C. LITAKER, INCOMPETENT, BY HIS GUARDIAN AD LITEM, WESLEY B. GRANT

No. 7419SC42

(Filed 20 February 1974)

**Mortgages and Deeds of Trust § 28; Estates § 4— life estate — foreclosure sale — purchase by life tenant**

Where testator devised the property in question to his widow for her lifetime with the remainder to his children, the plaintiffs, and the widow purchased the property at a foreclosure sale subsequent to testator's death, the widow held the property as trustee for the remaindermen, and, at her death, the property passed to them by operation of law rather than to devisees named in the will of the widow.

APPEAL from *Armstrong, Judge,* March 1973 Session, CA-BARRUS County Superior Court. Argued in the Court of Appeals 22 January 1974.

This action was instituted to have plaintiffs declared the owners and entitled to possession of a parcel of land in Cabarrus County.

The record reveals that Anna L. Litaker acquired title to the property through the following set of circumstances: Walter R. Litaker was the owner of the property prior to his death in 1949. By his will, he devised the property to his widow, Anna L. Litaker, for her lifetime, with the remainder to his children— plaintiffs, defendant Walter C. Litaker, and Edgar Litaker, who died without issue.

At his death, Walter R. Litaker was indebted to Cabarrus County Savings and Loan Association, and the indebtedness was secured by a deed of trust on the property. Since the assets of the estate were insufficient to satisfy the debts existing at the time of Walter R. Litaker's death, the property was sold at foreclosure under the power of sale in the deed of trust. It was purchased by Anna L. Litaker on 25 July 1950.

Anna L. Litaker died testate on 6 October 1969. By her will, she devised the property to defendants Sadie W. Carr, Mildred W. Bost and Harold L. Watkins, Sr.

---

---

Plaintiffs instituted this action on 24 April 1970, and on 3 November 1971, the trial court dismissed the action on the ground that plaintiffs failed to state a claim against defendants for which relief can be granted. The dismissal was reversed by the Court of Appeals in *Thompson v. Watkins,* 15 N.C. App. 208, 189 S.E. 2d 615 (1972).

Following the reversal of the dismissal, the case was heard by Judge Armstrong, sitting without a jury. The court found that the interest of defendant Walter C. Litaker was the same as that of plaintiffs and made the following findings of fact:

"1. That Walter R. Litaker died on March 6, 1949, seized of the real property deeded to him by Deed recorded in Deed Book No. 77, page 236, Cabarrus County Registry, more particularly described hereinafter; that by his Will, which is recorded in Will Book No. 9, page 253, in the office of the Clerk of Superior Court of Cabarrus County the said Walter R. Litaker devised said property to his wife, Anna L. Litaker, for her lifetime with the remainder to plaintiffs, Miriam Gaither Thompson, Ruth Litaker Hayden, Sally M. Litaker, Helen Bailey, and defendant, Walter C. Litaker, and to Edgar E. Litaker, who died having never married and not being survived by issue in 1965; that prior to his death Walter R. Litaker had executed and delivered a Deed of Trust to Cabarrus County Savings & Loan Association, which Deed of Trust is recorded in Mortgage Book No. 132, page 97, Cabarrus County Registry, conveying a lien on said property to the said Savings & Loan Association; that after his death the Savings and Loan Association instituted foreclosure proceedings under the terms of said Deed of Trust and at the foreclosure sale the said Anna L. Litaker, life tenant of the property under the terms of the Will of Walter R. Litaker, purchased said property and that as the life tenant, held the remainder of said property in trust for the remaindermen under the terms of the Will of Walter R. Litaker; that Anna L. Litaker, life tenant, died October 6, 1969, that she attempted to devise said property to the defendants, Sadie W. Carr, Mildred W. Bost Black, and Harold L. Watkins, Sr., but that the title of Anna L. Litaker ceased at her death and her Will was not operative as an attempt to pass title to the property which is the subject of this action."

The court thereupon concluded:

"That the plaintiffs and the defendant, Walter C. Litaker, are the owners of the property hereinafter described as remaindermen under the terms of the Will of Walter R. Litaker and that the defendants own no interest in said real property."

From the entry and signing of judgment, defendants appealed.

*Williams, Williford, Boger and Grady, by John R. Boger, Jr., for plaintiff appellees.*

*Hartsell, Hartsell, and Mills, P.A., by W. Erwin Spainhour, for defendant appellants.*

MORRIS, Judge.

The sole issue presented by this appeal is whether Anna L. Litaker, predecessor in title to defendants, took a fee simple interest or whether she held the property as trustee for the plaintiffs when she, as life tenant, purchased the property at a foreclosure sale. We hold that she held the property as trustee for plaintiffs, and at her death, the title to the property passed to plaintiffs by operation of law. Thus, the purported devise of the property to defendants is invalid.

"If a life tenant purchases the property at a sale to satisfy an encumbrance, he cannot hold such property to his exclusive benefit, but will be deemed to have made the purchase for the benefit of himself and the remainderman or reversioner. If the life tenant pays more than his proportionate share, he simply becomes a creditor of the estate for that amount. *Creech v. Wilder*, 212 N.C. 162, 193 S.E. 281. Dower is a life estate. If the doweress, life tenant, purchases at a sale to satisfy an encumbrance, she cannot hold the property to her exclusive benefit, but will be deemed to have purchased for the benefit of herself and the remaindermen. *Farabow v. Perry*, 223 N.C. 21, 25 S.E. 2d 173." *Morehead v. Harris*, 262 N.C. 330, at 336, 137 S.E. 2d 174 (1964).

When this case was before this Court on the dismissal pursuant to Rule 12(b)(6), *Thompson v. Watkins*, 15 N.C. App. 208, 189 S.E. 2d 615 (1972), we reaffirmed this principle, and

we see no reason to abandon it now. The judgment of the trial court is

Affirmed.

Chief Judge BROCK and Judge CARSON concur.