Hall, Judge.
 

 — In the present case, there is no question raised as to the. right of property. The Plaintiffs seek that which was their father’s, and which by will he bequeathed to diem ; and in the bill are included the fair Claims of the widow, derived from the same source.— Whether these claims are barred by the statute of limitations, and given to an executor, it is our province to Consider.
 

 By the ninth section of the act of 1715
 
 (Iredell’s Rev.
 
 c. 48) any remnant of an intestate’s estate, that remained in the hands of an administrator, unexhausted by creditors, and not claimed by the next of kin, is directed, after seven years, to be paid to the churchwardens and vestry, for the use of the parish. By the act of 1784,
 
 (Rev. c.
 
 205) such balance in the hands of an adminis - trator, when his administration shall be finished, ant! mo further demand, shall he made by creditors, shall be deposited in the treasury, subject to the claim of creditors and the representatives of the deceased, without limitation of time. Suppose however, that an administrator does not pay over such surplus to the treasury, as he ought to do. As the representatives of the deceased can have no claim against the treasury, it follows, that such administrator will he liable after seven years, because if he had done his duty, the treasury would be liable without limitation of time | and the administrator should not become the owner of the property, as a re, ward for his delinquency.
 

 
 *418
 
 By the act of 1809
 
 fEev.
 
 c. 763) it is made the right of the trustees of the University to receive, and the duty of executors and administrators to pay to them all sums 'mo,ley> or other estate of. whatever kind, that shall have remained in their hands for seven years after their qualifications respectively, unrecovered by creditors, legatees or next of kin of their testators or intestates. And the trustees are authorized to hold the same absolutely, unless a just claim shall bo made for the same within ten years thereafter. If, in the present case, the Defendant had added to his plea, that he had delivered over to the trustees of the University the estate in question, the Plaintiff might have applied for it to the trustees at any time within ten years. But to hold on upon it, against the just and equitable claims of the Plaintiffs, when the executor cannot claim the semblance of a beneficial interest in it, is what the act of 1715 never contemplated. The decree therefore, made in this case in the Superior Court, must be reversed.
 

 Per Curiam.
 

 — Let the decree be reversed accordingly.