Gaston, J.
 

 On the ISth of February, 1823, Alexander Boyd conveyed to Henry Fitts, sundry tracts of land, among which was the tract particularly described in the bill, and which is situate partly in the county of Granville, and partly in the county of Warren, and sundry slaves, to be held under the said Fitts, his heirs, executors, administrators and assigns, upon trust to sell the same for the indemnity of Richard Boyd and Francis Thornton against heavy responsibilities, which they had incurred for the said Alexander, andas his sureties in the State Bank of North Carolina, and afterwards, on the 20th of July, 1824, with the assent of the said Alexander, Richard and Francis, the said Fitts assigned and conveyed all his estate in the trust so described to John D. Hawkins, upon the said trust. The first mentioned
 
 *305
 
 conveyance was registered, within the time prescribed by law for the registration of deeds of trust, in the county of Warren, but not in the county of Granville; whereby the same became invalid in law, so far as it conveyed the part of the said tract lying in the latter county, as against the creditors of the said Alexander; The Bank of Newbern, one of Alexander’s creditors, having obtained a judgment against him, caused their execution to be fevied on the said part, under which it was sold and purchased by their Attorney, William Robards,i on the 6th of January, 1826, who immediately thereafter sold the same to the said John D. Hawkins. Richard Boyd,- having been- compelled to pay very large sums for (he said Alexander, upon the liabilities mentioned in the deed of trust, filed his bill against the said Hawkins, Alexander Boyd and Thornton, wherein he charges that he paid the same wholly out of his own effects, or from such property of the said Alexander as he could subject to the payment thereof, without calling on- the said Francis to contribute, and that he hath no right to require of the said Francis to contribute thereto, because
 
 the
 
 liabilities of the said Francis had been incurred at his, the said' Richard-’s request; that the said Alexander is indebted to him, because of the said payments, to an amount exceeding $20,000, and that the said- Alexander has become hopelessly insolvent; and that the defendant H-awldns hath either sold the part of the tract of land aforesaid lying in the county of Granville, and hath received the proceeds thereof, for which he has never accounted to the plaintiff, or now holds-thesnme as his own property. The prayer- of the bill is, that, if the said defendant Hawkins bath sold the part of the said' tract situate in Granville, he- shall account to the plaintiff for the proceeds thereof, and, if he hath not sold the same, maybe compelled to convey it to the plaintiff, and for general relief. The bill was taken
 
 pro eonfesso,
 
 and set down to be heard
 
 ex parte
 
 against the defendants Thornton and Alexander Boyd. The defendant Hawkins put in his answer, wherein he admitted all the material facts charged in the bill, except that, in regard to the indebtedness of Alexander Boyd to the plaintiff,
 
 *306
 
 he says that “ he is not able of his personal knowledge to answer how or to what amount the plaintiff is a creditor of the said Alexander, and therefore cannot admit nor will he positively deny the fact, especially as he is advised that it is a matter between the said Richard and Alexander, both of whom are parties to the suit.” He avers, that it was known before the conveyance was made to him by Henry Fitts of this tract of land, that, because of the failure to register the deed of trust in Granville, the same was invalid as against the creditors of Alexander Boyd, with respect to the part lying in the said county; that the said conveyance was made to him for the sole purpose of enabling him to prosecute a suit for the said Richard Boyd, for the part lying in, Warren ; that William Robards purchased the piece in Granville, as the Attorney for the Bank of Newbern, in order to secure the amount of their judgment; and that the defendant, having well ascertained that the title of the said Robards was valid against the deed of trust, proposed to and agreed with the said Robards to pay off the bank debt and costs, and a fee to the said Robards, if the latter would convey to him; that this was done accordingly, and that he made these payments out of his own proper moneys; and that the plaintiff, knowing of the whole transaction, hath never pretended to claim or ask the benefit of this defendant’s said purchase. The defendant further states, that there has been a suit in Equity between the plaintiff and himself, involving all the accounts of this defendant, as trustee for the plaintiff under the assignment made to the defendant by Henry Fitts, and under various other deeds of trust executed to the defendant by the plaintiff, in which suit a final decree was rendered, and although the plaintiff, (if he ever had a right to claim the benefit of this defendant’s said purchase,) might have claimed the same in the account taken in the said suit, yet he never pretended to do it, or, if he did, the same was disallowed, and submits to the court, whether he can now be permitted to set up a right to the said land or the proceeds thereof. He further answers, that he has not sold the land so purchased by him, and insists that, if the
 
 *307
 
 plaintiff can make the defendant a trustee for him in the said purchase, he is bound to refund to the defendant the money he hath advanced on the said purchase, and hath paid for taxes thereon.
 

 To this answer the plaintiff replied. Alexander Boyd died, and the suit was revived against his administrator and heirs, who were made parties defendants thereto.
 

 Upon the hearing it was admitted, that in the decree, rendered in the suit referred to in the answer of the defendant Hawkins, there is an express reservation to the plaintiff Boyd of his rights in respect to the matters now complained of, and this disposes of the defence set up in the nature of a plea, because of a former decree between the parties.
 

 We hold it to be clear, that the defendant cannot take to himself the benefit of the purchase made from Robards.— A trustee, without the unequivocal assent of the
 
 cestui que trust,
 
 cannot act for his own benefit in a contract on the subject of the trust. It is established upon the soundest principles, that, if he should so contract expressly for himself, he shall not be suffered to turn the speculation to his own advantage. But in truth the defendant does not allege that he bought in Robard’s title for himself, but merely that he paid the purchase money with his own funds. If so, he thereby extinguished an incumbrance hanging over the property, which was confided to his care, and can claim only that he shall be re-imbursed for his outlays in this respect, as he may for any others, properly made for the security or / improvement of such property. y
 

 The plaintiff’s specific prayer, if the land conveyed by Robards is not sold, is, that the defendant Hawkins shall convey the same to him. But this he is not entitled to.— The trust declared in the deed to Fitts, to whom Hawkins succeeded as trustee, was, that the property should be sold to indemnify the sureties of Alexander Boyd, for what they might be compelled to pay on his account. The bill alleges,, and the representatives of Alexander Boyd confess, that the plaintiff has been compelled to pay very large sums because
 
 *308
 
 of his liability as surety, and is a creditor of Alexander Boyd by reason thereof, to the amount of more than $20,000. The plaintiff has therefore a right, that the declared trust should be carried into execution for his indemnity, and this relief may properly be given under his general prayer.
 

 A decree must be accordingly made for a sale, and there must be an account taken of what is due to the defendant Hawkins, because of his advances and .expenditures claimed in the answer. It is not alleged that he has received profits from the use or rent .of the land. But if he has, these should be regarded .as extinguishing pro
 
 tanto
 
 his demand.
 

 Per Curiam, Decree accordingly.