Pearson, C. J.
 

 The bond of an administrator is a security for the performance- of the trust reposed in. him, for and on behalf of the distributees; it follows that there can be no presumption of the payment or satisfaction of the bond, unless there is a presumption that the trust has been performed by payment of the distributive share, or that the right has been abandoned.
 

 It is settled that the act of 1826, raising a presumption in ten years, does not apply to legacies and distributive shares, while the trust remains unclosed, aud the relation of trustee and
 
 cestui qui
 
 trust, by agreement of the parties, continues to exist;
 
 Salter
 
 v. Blount, 2 Dev. and Bat. Eq. Rep. 218;
 
 McLean v.
 
 Fleming, 5 Ired. Eq. Rep. 348;
 
 Cotten
 
 v. Davis, 2 Jones’ Eq. Rep. 430.
 

 In the latter case, a distinction is-taken between an
 
 estate
 
 and a right in equity, and it is held that where an administrator holds a distributive share, without closing up the estate
 
 *130
 
 by a settlement and payment of the balance struck, the distributee has an
 
 estate
 
 in the fund, and his remedy can only be defeated by the common law presumption, i. e. the lapse of twenty years. But where an administrator files a settlement, setting out the admitted balance, and the matter is closed upon that footing, by a receipt in full of such balance, if the distributee afterwards seeks to impeach the settlement, on an allegation of fraud, or to surcharge and falsify the account, he is not considered as having an estate, but a
 
 mere
 
 right, which falls within the opei’ation of the act of 1826, and will be presumed to have been abandoned or satisfied, if nothing has been said or done in regard to it for ten years.
 

 These cases, and those referred to in this discussion, put the subject of presumption from lapse of time on its true ground, and no further elaboration is called for.
 

 In the application of the principles thus settled, to the case under consideration, there is error in the judgment rendered by the Court below, in several particulars.
 

 1st. Benoni M. Wilkerson, as administrator, filed his account in February, 1836, showing a balance of $206.86, and upon the footing of that account, Brown and wife, and Abner C. Wilkerson, two of the distributees, settled and received their respective shares, and executed receipts and refunding bonds. This was done more than ten years before the commencement of the present action; consequently, there was a presumption of an abandonment of their right to surcharge and falsify the account, and the distributive share of each is presumed to have been satisfied under the act of 1826.
 

 2d. Cockburn Wilkerson removed from this State about the year 1837; there is no evidence that he received the share apparently due to him, by the account rendered by the administrator; but it was rendered in February, 1836, and the writ in this case issued November, 1856, so, more than twenty years had elapsed, and the common law raised a presumption that his distributive share had been paid or satisfied in some way, or was abandoned; which presumption is made for the sake of repose, and to discourage “ stale claims.”
 

 
 *131
 
 3rd. The only distributive share not disposed of is that of William Stringer. He left the State in 1837, and was then under age, and the presumption did not begin to run as to him until he arrived at age, consequently, the plaintiff was entitled to recover in respect to his share;
 
 Secrndl
 
 v.
 
 Bunch, 6
 
 Jones’ Eep. 195.
 

 Hpon the case agreed, the judgment in the Court must be reversed, and judgment entered for the penalty of the bond; the execution to be discharged by the payment of the amount of one distributive share, to wit, $120.31, with interest and the costs of the Court below. Judgment for the costs of. this Court in favor of defendants.
 

 Per Curiam,
 

 Judgment reversed.