H. A. SHUTE et al., Executors of John Shute, deceased, v. J. W. AUSTIN et al..

*Action by Executors to Have Their Sale of Decedent's Land Confirmed—Purchase by Executors—Pleading—Aider—Jurisdiction.*

1. While, in order to perfect a title, the Superior Court has jurisdiction, in a proper case, of an action to confirm a sale made without authority, such jurisdiction will not be exercised to perfect an illegal sale made by a party who has ample power to make a legal sale.

2. Where executors, fully empowered by the will to make sales of lands for division of the proceeds among the devisees, sold to third persons, who purchased for the benefit of the executors, and then instituted an action in the Superior Court against the devisees to have such sales confirmed; *Held*, that the court will not entertain jurisdiction of such action.

3. A purchase of testator's land by executors, at their own sale, whether directly or indirectly, and however fair, is fraudulent in law.

4. The doctrine of *aider* can only be invoked in aid of a defective statement of a good cause of action, but cannot be so used to aid the statement of a bad or defective cause of action.

PETITION, by the executors of John Shute, deceased, against his devisees, to have certain sales of land, made by them under power contained in the will, confirmed, commenced before the Clerk of the Superior Court of UNION county, and heard on appeal before *Norwood, J.*, at January Term, 1897, of said Superior Court. His Honor gave judgment confirming the sales and defendants appealed.

*Messrs. Shepherd & Busbee*, for plaintiffs.
*Messrs. Adams & Jerome*, for defendants (appellants).

FURCHES, J.: On the 17th day of September, 1896, John Shute died in Union county, leaving a last will and testament which was duly admitted to probate, and the plaintiffs, who were named as executors therein, qualified and undertook the administration of the testator's estate and the execution of said will. The will directed the sale of the testator's real estate, and an equal distribution of the proceeds arising therefrom among the defendants, Mary A. Austin, Amanda Brewer, Florence Houston, Ellie J. Wilson, Eva B. Shute and S. R. Shute. That said executors (the plaintiffs) were fully empowered and authorized by the will to sell and convey all of the testator's land; and on the 21st day of September, 1896, after due advertisement, they proceeded to sell the same, when S. J. Welsh bid off two of the tracts, W. S. Lee three of the tracts, and W. C. Heath two of the tracts so sold.

The plaintiffs then commenced this proceeding in the Superior Court of Union county before the Clerk, and in their complaint they allege the facts above stated, and also allege that the sale was fair and open, and that the land brought a fair price, and that the purchasers were ready, able and willing to pay for the land upon the court's confirming the sales, and they ask the court to make an order confirming the same.

The defendants answer and admit that the parties named as purchasers bid off the lands. But they allege that they bid them off for the plaintiffs, who are the real purchasers. And they admit that all said lands, except two tracts— "The Correll lot" and the "Big Survey tract" brought a fair price.

But the defendants deny that the court has any jurisdiction of the case; deny that the court has any power to confirm a sale made under the power contained in the will, and not made under order of court; allege that plaintiffs have

not stated a cause of action, and ask that said sale "be not confirmed, except as above admitted in this answer." It was not denied but what the lands were bid off for the plaintiffs, as alleged in defendants' answer. And plaintiffs' counsel contended that this statement in defendants' answer, by way of aider, constituted a cause of action, and constituted what would have been a bill in equity under the old practice to confirm a sale of land already made. And it is true that this jurisdiction was exercised in courts of equity under the old practice, and we have no doubt would be exercised now in the Superior Courts in proper cases. But this jurisdiction obtains for the purpose of perfecting the title where the sale has been made without authority to do so. But it is never exercised to perfect an illegal sale, made by a party who has ample authority to make a legal sale.

It is too clear to argue that this complaint, unaided, states no cause of action. And if we could consider it aided by the answer, such aider discloses a legal fraud which would prevent the court from granting the prayer of the complaint. The purchase of land by an executor, directly or indirectly, at his own sale is fraudulent, and such sales will be set aside, whether the property has brought a fair price or not and without any allegation of actual fraud, unless it has been ratified by the parties interested in the lands. *Highsmith* v. *Whitehurst*, at this term. Whether there has been a ratification of any of these sales or not, is not before us for determination. But we notice that several of the defendants are *femes* covert.

The doctrine of aider can only be invoked in aid of a defective statement of a good cause of action; but cannot be so used to aid the statement of a bad or defective cause of action. *Johnson* v. *Finch*, 93 N. C., 205. This is a defective cause of action and cannot be aided by the answer.

There was considerable discussion before us as to whether the Superior Court could treat this proceeding as a bill in equity, having been commenced before the Clerk as a special proceeding. But we do not feel called upon to discuss this question, as no cause of action is stated, whether it be considered in the Superior Court or not.    Error.

Reversed.