### UNITED STATES v. BLOW et al.
### No. 5181.

Circuit Court of Appeals, Seventh Circuit.
April 23, 1935.

Rehearing Denied June 8, 1935.

LINDLEY, District Judge, dissenting.

———◆———

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Arnold Raum, and William B. Waldo, Sp. Assts. to Atty. Gen. (Dwight

H. Green, U. S. Atty., of Chicago, Ill., of counsel), for the United States.

M. F. Gallagher, S. M. Rinaker, E. B. Wilkinson, and A. R. Hall, all of Chicago, Ill., for appellees.

Before SPARKS and FITZHENRY, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

Appellees, the administrators of the estate of Adele M. Blow, deceased, filed suit in the District Court to recover an alleged overpayment of income taxes by decedent for the year 1925. Judgment was entered in favor of appellees, and the government appeals.

Appellees' claim was based on the taxpayer's error in not claiming a deduction for charitable contributions to which they alleged she was entitled. The government, in addition to pleading the general issue, interposed a special defense based on the fact that she had erroneously claimed a deduction for depreciation of the property of a real estate trust of which she was one of four beneficiaries. A stipulation of facts was filed containing a provision that: " * * * If, as a matter of law, * * * (the taxpayer) was entitled, in reporting her income for 1925, to consider the capital net gain reported by her in determining the 15% limitation upon the deduction allowable to her with respect to contributions made, and if she was entitled to subtract from her gross receipts from the * * * Trust one-fourth of the depreciation upon its assets, the plaintiffs, if the refund claim is sufficient to sustain a recovery, are entitled to judgment in the sum of $1,191.52, with interest according to law."

Although the Commissioner had originally conceded the right of the taxpayer to the increased deduction on account of charitable contributions, and advised filing a claim to recover the overpayment before the expiration of the statute of limitations, before the trial court this position apparently was changed. This question is not now before us, however, in view of the fact that it was settled in the taxpayer's favor by the decision in Helvering v. Bliss, 293 U. S. 144, 55 S. Ct. 17, 79 L. Ed. ——, 95 A. L. R. 207. The only question, then, is whether the taxpayer, as beneficiary of a real estate trust, is entitled to a deduction on account of depreciation of the trust properties reported by the trustees, but not withheld by them from distribution to the beneficiaries.

The trust here involved was created in 1923 by the heirs of F. W. Matthiessen for their own benefit in order to facilitate the management and liquidation of the estate. Under the terms of the agreement the trustees were to collect the income from the trust properties and distribute it to the beneficiaries after paying the expenses of administration of the estate. In case of the sale of any of the estate properties, the proceeds were to be distributed in the same way. If, in their judgment, it became necessary to create a sinking or contingent fund, the trustees were authorized to set aside the necessary funds for that purpose. This was the only provision which might be construed as authority for the creation of a depreciation fund. No such fund was in fact set aside, although the trustees did report depreciation in their tax return. The trustees' decision as to what constituted net income fairly distributable was to be conclusive. The trust was to terminate at the end of five years, at which time the trustees were to make a complete and final distribution of the corpus and principal and accumulated income of the trust estate remaining in their hands to the beneficiaries or their heirs or assigns.

The Revenue Act of 1926 provides among deductions allowed individuals: "A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence." 44 Stat. 26, c. 27, § 214 (a) (8), 26 USCA § 955 (a) (8). Section 219 (a), 26 USCA § 960 note provides that the income of estates and property held in trust is to bear the same tax as that of individuals, and subsection (b) of section 219 (26 USCA § 960 note) requires the fiduciary to pay the tax on all net income of the estate or trust with certain exceptions, including that which is distributable currently to the beneficiaries. Section 219 (b) (2), 26 USCA § 960 note. There was no provision in the 1926 Act for apportioning the allowance for depreciation between the income beneficiaries and the trustee, and no such provision was made until the Revenue Act of 1928, § 23 (k), 26 USCA § 2023 (k).

We think the judgment in favor of the taxpayer's administrators, with respect to their claim for depreciation, must be reversed on the authority of Dixon v. Commissioner (C. C. A.) 69 F.(2d) 461, certiorari denied, 293 U. S. 560, 55 S. Ct. 72, 79

L. Ed. ——, and Laflin v. Commissioner (C. C. A.) 69 F.(2d) 460. In those cases the taxpayers were the beneficiaries of testamentary trusts which had no provisions for the setting aside of depreciation funds. In both it was held that the beneficiaries were not entitled to the deduction, although in the latter case the beneficiary was also the testamentary trustee, and had in fact reserved a fund from distribution to herself which she had reinvested for the benefit of the trust estate. Nevertheless, since neither the trust instrument nor the laws of the state provided for the creation of such a fund, the amounts so withheld were said to be properly distributable to herself as beneficiary, hence subject to the tax. This is in accord with the holding in Freuler v. Helvering, 291 U. S. 35, 54 S. Ct. 308, 78 L. Ed. 634, to the effect that income declared by a state court to have been wrongfully distributed by the trustees to the beneficiaries and which the latter were ordered to pay back to the trust estate as a depreciation fund was properly deducted by the beneficiaries from their taxable income. It seems to be settled that in the absence of provision to the contrary embodied either in the trust instrument or the law of the state as declared by statute or courts, the beneficiary is not required to suffer a deduction from income in order to enable the trustee to set up a depreciation fund, hence is not entitled to a deduction from tax on account of it. See, in addition to the Freuler, Dixon, and Laflin Cases, supra, Hubbell v. Burnet (C. C. A.) 46 F.(2d) 446; Roxburghe v. Burnet, 61 App. D. C. 141, 58 F.(2d) 693; Codman v. Miles (C. C. A.) 28 F.(2d) 823; Baltzell v. Mitchell (C. C. A.) 3 F.(2d) 428. It is true that the case at bar differs from any of the cases referred to in that here the taxpayer occupied the three-fold position of settlor, beneficiary, and remainderman of the trust. We have found no case in which there was this conjunction of elements. However, in the Dixon Case, the beneficiary and remainderman were identical, and it appears from the record in that case that the trust could be, as it was here, a short-time one, since it was capable of being terminated at the will of the beneficiaries any time after ten years after the death of the settlor. There the beneficiary and remainderman was not allowed the deduction. In the Hubbell Case, the settlor was one of the life beneficiaries of the trust, and he was not allowed the deduction. We think the fact that in the case at bar the taxpayer was settlor, beneficiary, and remainderman is not sufficient to change the result under the provisions of the 1926 statute.

Appellees rely upon a group of cases of which the most important for their purposes is Helvering v. Falk, 291 U. S. 183, 54 S. Ct. 353, 78 L. Ed. 719. All have to do with depletion rather than depreciation. In the Falk Case the beneficiaries of a trust which owned mining properties were allowed deductions for depletion on the ground that the distribution of the entire income of the properties to the beneficiaries represented in part a return of capital assets, as to which part it was held there was no tax due. That the tendency is to limit the allowance of the deduction in the depletion cases rather than to extend it to the depreciation cases seems evident from the vigorous opinions filed by a minority of the court in the Freuler and Falk Cases, supra, in the latter of which the incongruity of the difference in treatment of the two is pointed out.

The judgment, with respect to appellees' claim for depreciation, is reversed and the cause remanded to the District Court for further proceedings in accordance with this opinion.

LINDLEY, District Judge (dissenting).

I cannot see any distinction between depletion and depreciation, considered as items to be deducted from gross income from property. Depletion of a body of ore purchased by investment of capital funds lessens such capital investment and eventually exhausts it. Depreciation by wear and tear of property purchased by investment of capital funds likewise lessens the capital investment and eventually exhausts it. In either instance, if the taxpayer is required to pay a tax upon that part of the income which represents depreciation or destruction pro tanto of capital investment, such tax is not a tax upon income, which Congress is empowered by constitutional amendment to levy. Pursued to the inevitable logical end, depreciation and depletion each inevitably eat up and exhaust capital investment. Thus, in the end, the taxpayer will have paid a tax upon the pro rata installments of return of capital represented by depreciation. Such is not a tax upon income; it is a tax upon capital, beyond the authority granted in the amendment under which incomes may be taxed.

We may illustrate this by specific example: If the beneficiary of a naked trust receives the income from a building costing $100,000 and must account for it as income

without deduction for depreciation, if there is an actual annual depreciation of 3⅓ per cent. for 30 years, at the end of such period he will have paid a tax upon a return of his entire capital investment. If the building is then replaced with a new one costing another $100,000 and for another 30 years he accounts for income upon the same basis, at the end of another 30 years he will have paid a tax upon a return of his second capital investment. This, I do not believe the constitutional amendment justifies.

I believe the judgment of the District Court should be affirmed.