ALEXANDER PEARSON, PEARL AVIS PEARSON, BOYD GODBOLD AND BETTY LOU GODBOLD AND JULINA GODBOLD, THE LAST TWO NAMED BEING MINORS AND APPEARING BY THEIR NEXT FRIEND, MAGGIE PEARSON, AND MAGGIE PEARSON, ADMINISTRATRIX OF THE ESTATE OF MARTHA GODBOLD, DECEASED, v. PEARL G. PEARSON, INDIVIDUALLY, AND AS EXECUTRIX OF THE ESTATE OF W. S. PEARSON.

(Filed 11 December, 1946.)

**1. Executors and Administrators § 12c: Trusts § 5b—**

An administrator or executor in possession of lands of the estate under a court order permitting him to continue the farming operations thereon, who purchases the lands at a foreclosure sale of a mortgage thereon, nothing else appearing, holds title as a trustee for the estate, and his purchase will be set aside as a matter of course at the instance of the interested parties.

**2. Same: Limitation of Actions § 5c—**

Where an administrator in possession purchases lands of the estate at the foreclosure of a mortgage thereon, an action to have him declared a trustee of a constructive trust does not begin to run, in the absence of demand and refusal, until he completes and closes the administration.

**3. Executors and Administrators § 26—**

An estate is not settled and the duties of administration continue until all debts have been paid or all assets of the estate exhausted.

**4. Estoppel § 11b: Adverse Possession § 17: Equity § 3—**

In an action to recover land, defendant's plea of estoppel, adverse possession and laches set up affirmative defenses, and defendant has the burden of proof thereon.

**5. Adverse Possession § 19: Equity § 3—**

Where an administrator is in possession of lands of the estate under order of court permitting him to continue farming operation thereon, and he purchases at the foreclosure sale of a mortgage on the lands and remains in possession, in the absence of evidence offered by him tending to show when his possession became adverse to the devisees and that it was open, notorious and adverse to them so as to put them on notice, his motion to nonsuit in their action to have him declared a trustee of a constructive trust upon his defenses of adverse possession and laches should be denied.

APPEAL by plaintiffs from *Alley, J.,* at March Term, 1946, of RICHMOND. Reversed.

Action to try title to land and to have defendant Pearl G. Pearson declared the holder of the title thereto as trustee for the use and benefit of plaintiffs.

W. S. Pearson, the testator of defendant executrix, was administrator *d. b. n., c. t. a.,* of A. L. Pearson. While acting as such and while in possession of the *locus,* farming the same under order of court, he purchased the land at a foreclosure sale. He left a will in which he devised the land to his wife, the defendant. She assumed possession, claiming the same as her own. Thereupon this action was instituted by devisees and the representatives of deceased devisees' under the will of A. L. Pearson.

Defendant pleads (1) the three-year, seven-year, and ten-year statutes of limitations, (2) estoppel by release, (3) seven years' possession under color, and (4) laches.

In the trial below plaintiffs offered certain evidence appearing of record and rested. The court sustained defendant's motion to dismiss as in case of nonsuit and entered judgment dismissing the action. Plaintiffs excepted and appealed.

*Fred W. Bynum and George S. Steele, Jr., for plaintiffs, appellants.*
*McLeod & Webb and Varser, McIntyre & Henry for defendant, appellee.*

BARNHILL, J. Plaintiffs' evidence tends to show the following facts:

W. S. Pearson was appointed administrator *d. b. n., c. t. a.,* in 1925 to succeed J. R. Bennett, resigned executor. He went into possession of the *locus* in the spring of 1925 under an order of court permitting him to continue the farming operations. At that time the mortgage indebtedness on the eight-horse farm containing 330 acres was. $1,900. Other indebtedness, including over $2,000 due W. S. Pearson, amounted to approximately $5,350. He never thereafter filed an account of his administration. In 1927 he told Moncu Chavis (excluded by the court below) "he was not going to pay the mortgage—he was going to let the mortgagee sell it, and he was going to buy it." The trustee foreclosed the mortgage outstanding at the time of the death of A. L. Pearson and W. S. Pearson became the purchaser. On 30 January, 1930, the trustee executed foreclosure deed to him individually. He remained in possession until his death in June, 1944.

We cannot say this evidence, as a matter of law, fails to disclose that plaintiffs possess a valid and enforceable interest in the *locus.*

While, strictly speaking, real estate is not an asset in the hands of the administrator, it is an asset to which he may have recourse when the personal estate is insufficient to discharge the debts and the costs of

administration. G. S., 28-148; *Creech v. Wilder,* 212 N. C., 162, 193 S. E., 281. Here it had been sequestered by the court and placed in the hands of the administrator. He was in actual possession. He had the right, with the approval of the court, to mortgage the land, G. S., 28-82, or, at a sale thereof, to purchase for the protection of the estate. G. S., 28-183; *Woody v. Smith,* 65 N. C., 116. Yet he made no application to be permitted to borrow the relatively small amount due the mortgagee to protect the land from sale under foreclosure. Instead he elected to borrow a much larger sum in his own name and purchase for his own benefit. Having purchased, he has never accounted for the excess above the amount due the mortgagee, or disclosed the results of his farming operations, or the financial status of the estate at the time of the foreclosure sale.

A trustee who acquires an outstanding title adverse to that of his *cestuis que trustent* is considered in equity as having acquired it for their benefit and cannot set it up as his own. *Brantly v. Kee,* 58 N. C., 332; *Haskill v. Freeman,* 60 N. C., 585; *Keaton v. Cobb,* 16 N. C., 439; *Boyd v. Hawkins,* 37 N. C., 304; 54 A. J., 175. "A purchase of testator's land by executors, at their own sale, whether directly or indirectly, and however fair, is fraudulent in law." (3rd syllabus) *Shute v. Austin,* 120 N. C., 440. It will, as of course, be set aside at the instance of the parties interested. *Stilly v. Rice,* 67 N. C., 178; L. R. A., 1918 B, 13n, 36n; *Froneberger v. Lewis,* 70 N. C., 456; *Shearin v. Hunter,* 72 N. C., 493; *Tayloe v. Tayloe,* 108 N. C., 69; *McNeill v. Fuller,* 121 N. C., 209; *Tomlinson's Executors v. Detestatius's Executors,* 3 N. C., 284; *Creech v. Wilder, supra; Stianson v. Stianson,* 6 A. L. R., 280.

The rule which prohibits an executor or administrator from purchasing at his own sale applies where the sale is brought about by another. 21 A. J., 735; Anno. 77 A. L. R., 1514, 1521.

The administrator is a trustee and so, in the absence of demand and refusal, any statute of limitations which bars an action by the legatee or distributee to recover his share of the estate does not begin to run until the administrator completes and closes the administration. *Creech v. Wilder, supra; Bailey v. Shannonhouse,* 16 N. C., 416; *Wilkerson v. Dunn,* 52 N. C., 125; *Bushee v. Surles,* 77 N. C., 62; *Woody v. Brooks,* 102 N. C., 334. And until the debts have been paid, or the assets of the estate exhausted, the estate is not settled and the duties and obligations of the administration continue. *Creech v. Wilder, supra.* Hence it does not appear from the evidence offered that the claim of plaintiffs is barred by any statute of limitations.

The defenses pleaded by the defendant are affirmative in nature and, as to them, the burden is on her. There is no testimony in the record sufficient to sustain either of them.

It does not appear when, if ever, Pearson ceased to occupy the land under the order permitting him as administrator to continue the farming operations. Neither is there any evidence which would compel the conclusion as a matter of law that he was at any time in the open, notorious, adverse possession thereof, claiming it as his own, so as to put the devisees on notice. Likewise there is no evidence of alleged facts constituting laches upon which the defendant relies.

*Jessup v. Nixon,* 186 N. C., 100, 118 S. E., 908, cited by defendant, is factually distinguishable.

The unchallenged evidence appearing in this record is sufficient to require its submission to a jury. Hence the judgment below is

Reversed.