KATHRYN TITUS MACMURRAY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 20137, 22066.   Promulgated March 23, 1951.

*Joseph D. Peeler, Esq.*, and *A. Hale Dinsmoor, Esq.*, for the petitioner.

*Robert H. Kinderman, Esq.*, for the respondent.

618

OPINION.

RICE, *Judge:* The first issue is whether, while the estate was in the process of administration, the executor, for the purpose of determining the amount of trust income distributable to petitioner pursuant to the terms of the will, properly arrived at the amount of income so distributable by subtracting from the income of the testamentary trust created for petitioner (which was a part of the gross estate) an amount equal to the family allowance awarded her by the California court. Respondent's contention is that such a reduction to determine net distributable income to petitioner was erroneous and income equal to such an amount was currently distributable to, and therefore taxable to, petitioner under section 162 (b) of the Internal Revenue Code[1] for each of the years in controversy. Petitioner maintains that such a reduction was correct, and that the estate properly reported such amount as estate income and paid Federal income tax thereon.

It is well settled that a family allowance paid the widow of a California decedent is not taxable to her as income nor deductible by the estate for Federal income tax purposes. Cf. *Title Insurance & Trust Co., Executor,* 25 B. T. A. 805 (1932). While petitioner cites cases to the effect that during the administration of an estate only section 162 (c)[2] of the Internal Revenue Code applies, to the exclusion of section 162 (b), such cases are distinguishable from the instant case. In none of those cases was the executor, under the terms of the will, to pay the trust income to the beneficiary in the interim

---

[1] Sec. 162. The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

* * * * * *

(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the legatees, heirs, or beneficiaries, but the amount so allowed as a deduction shall be included in computing the net income of the legatees, heirs, or beneficiaries whether distributed to them or not. As used in this subsection, "income which is to be distributed currently" includes income for the taxable year of the estate or trust which, within the taxable year, becomes payable to the legatee, heir, or beneficiary. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (c) of this section in the same or any succeeding taxable year;

[2] (c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year, which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary;

between the testator's death and the distribution of the trust res to the trustee. Cf. *Estate of Peter Anthony Bruner*, 3 T. C. 1051 (1944); *The First National Bank of Memphis, Tennessee, Executor*, 7 T. C. 1428 (1946), affd. (CA-6, 1948), 168 Fed. (2d) 431; *Marie B. Hirsch*, 9 T. C. 896 (1947).

Since, here, the will in article Twelfth (b) specified that the executor was to pay the income from the trust property to petitioner until the assets were distributed to the trustee, section 162 (b) is applicable. *Estate of Austin C. Brant*, 44 B. T. A. 1306 (1941). We must determine, therefore, whether it was erroneous to subtract the family allowance from the income of the trust to determine the net distributable income to the petitioner. If it were erroneous, then an amount equal to it was currently distributable and therefore taxable to petitioner. It would be immaterial whether it was or was not so distributed; it would still be deductible in the estate Federal income tax return and includible in petitioner's. Regulations 111, Section 162–1 (b). *Estate of Peter Anthony Bruner, supra.*

Section 680 [3] of the California Probate Code provides for a family allowance to a widow "out of the estate." The right to such an allowance is purely statutory. *In re King's Estate*, 19 Cal. (2d) 354, 121 P. (2d) 716 (1942). Under section 750 [4] of the California Probate Code, the testator may designate which parts of his estate shall be used for any such allowance and if they are sufficient only those will be so used. Here, decedent in article Twelfth (b) of his will specified that the income of the trust established for petitioner should be used to pay the family allowance and, since it was part of decedent's estate, under section 750 of the California Probate Code he could so specify. While article Sixth provided all the income, except for certain amounts not important here, he paid petitioner, it must be read together with article Twelfth (b) as regards the qualification existing during the period of estate administration.

[3] § 680. Right to allowance; Preference. The widow and minor children are entitled to such reasonable allowance out of the estate as shall be 'necessary for their maintenance according to their circumstances, during the progress of the settlement of the estate, which, in case of an insolvent estate, must not continue longer than one year after granting letters. Such allowance must be paid in preference to all other charges, except funeral charges, expenses of the last illness and expenses of administration, and may, in the discretion of the court or judge granting it, take effect from the death of the decedent. [Enacted 1931.]

[4] § 750. Order of resort to estate assets for payment of debts, expenses, etc. If the testator makes provision by his will, or designates the estate to be appropriated, for the payment of his debts, the expenses of administration, or family allowance, they must be paid according to such provision or out of the estate thus appropriated, so far as the same is sufficient. If insufficient, that portion of the estate not disposed of by the will, if any, must be appropriated for that purpose; and if that is not sufficient, the property given to residuary legatees and devisees, and thereafter all other property devised and bequeathed is liable for the same, in proportion to the value or amount of the several devises and legacies, but specific devises and legacies are exempt from such liability if it appears to the court necessary to carry into effect the intention of the testator, and there is other sufficient estate. [Enacted 1931.]

The fact that the family allowance might have been paid out of income does not make it taxable to petitioner. In *Buck* v. *McLaughlin* (CA-9, 1931), 48 Fed. (2d) 135, it was held that the family allowance paid to decedent's widow whether paid out of corpus or income of the estate was not taxable as "income" under California law. The court said:

> The money paid by the estate to the widow as a family allowance is quite distinct from her rights, if any, in and to the corpus or income of the estate. It is awarded to her by reason of her widowhood for her support during the administration of the estate and she is entitled to the same regardless of whether or not she has any right in and to the corpus of the estate or its income. Her right to the family allowance is purely statutory. Estate of Dargie, 162 Cal. 51, 121 P. 320. *Under the law of California all the property of the decedent, whether income or corpus of the estate, is liable for the payment of family allowance.* * * * [p. 135]. [Emphasis added.]

Since the executor, in subtracting the amount paid as family allowance to petitioner was merely following a direction by decedent in his will, and since such direction was valid, it follows that the executor did not err in so doing and therefore such an amount was not distributable as income to petitioner in each of the years 1943, 1944, and 1945. We therefore uphold petitioner on this point.

The second issue is whether, during administration of the estate, petitioner is entitled to deduct depreciation for the buildings passing under article Sixth of the will. The applicable provision of the Internal Revenue Code is section 23 (1) (2), which reads as follows:

> SEC. 23. In computing net income there shall be allowed as deductions:
>
> *     *     *     *     *     *     *
>
> (1) DEPRECIATION.—A reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence)—
>
> *     *     *     *     *     *     *
>
> (2) of property held for the production of income. * * * In the case of property held in trust the allowable deduction shall be apportioned between the income beneficiaries and the trustee in accordance with the pertinent provisions of the instrument creating the trust, or, in the absence of such provisions, on the basis of the trust income allocable to each.

The provision relating to trusts first appears in the Revenue Act of 1928. A careful study of the legislative history and the committee reports shows no indication that the term "trust" used in this section was intended to embrace estates as well as trusts. It is not within the power of this Court to read the word "estate" into this provision. That is a function of the Congress. Until such time as the trust res was distributed to the trustee, therefore, petitioner is not entitled to a depreciation deduction.

Reviewed by the Court.

*Decision will be entered under Rule 50.*