W. H. LAMKIN et al., Independent Executors of the Estate of Elizabeth Sullivan Clem, Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

No. 75–2697
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 14, 1976.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Richard F. Halter, Robert Lee Bobbitt, Jr., San Antonio, Tex., for plaintiffs-appellants.

John E. Clark, U. S. Atty., Hugh P. Shovlin, Asst. U. S. Atty., San Antonio, Tex., Scott P. Crampton, Asst. Atty. Gen., Tax Div., Loring W. Post, Robert S. Watkins, Gilbert E. Andrews, Act. Chief, Appellate Sec., Dept. of Justice, Washington, D. C., for defendant-appellee.

Before THORNBERRY, MORGAN and RONEY, Circuit Judges.

RONEY, Circuit Judge:

This appeal involves an issue of tax law which has, apparently, reached the courts on only one previous occasion. We are called upon to decide whether 26 U.S.C.A. § 167(h) permits an estate in administration to take a depreciation deduction on real property when the estate distributed the income generated by that property to income beneficiaries of the trust that will eventually hold the property. The Government allocated a pro rata share of the depreciation deduction to the distributees of the income and assessed a deficiency against the estate. The taxpayer estate paid the deficiency and brought this suit for refund, in which the district court granted the Government's motion for summary judgment. We affirm.

Under the second sentence of § 167(h),[1] the depreciation deduction may be taken by the *trust* only when the trustee is "directed" by local law or by the trust instrument to retain income in a depreciation reserve for the purpose of preserving corpus. Treas.Reg. § 1.167(h)–1(b)(2) (1960). *See Sue Carol,* 30 BTA 433 (1943). Had the distributees received the real property income from the incipient trust rather than from the estate, the depreciation deduction would be allocated pro rata to the income distributees, there being no indication in the record of a required depreciation reserve.

█ The present dispute arises in the interpretation of the third sentence of

---

1. 26 U.S.C.A. § 167(h):

 *Life tenants and beneficiaries of trusts and estates.*—In the case of property held by one person for life with remainder to another person, the deduction shall be computed as if the life tenant were the absolute owner of the property and shall be allowed to the life tenant. In the case of property held in trust, the allowable deduction shall be apportioned between the income beneficiaries and the trustee in accordance with the pertinent provisions of the instrument creating the trust, or, in the absence of such provisions, on the basis of the trust income allocable to each. In the case of an estate, the allowable deduction shall be apportioned between the estate and the heirs, legatees, and devisees on the basis of the income of the estate allocable to each.

§ 167(h), which controls the disposition of this case. That portion of the statute provides:

In the case of an estate, the allowable deduction shall be apportioned between the estate and the heirs, legatees, and devisees on the basis of the income of the estate allocable to each.

This provision does not in specific terms cover distributions, made during the administration of an estate, to the income beneficiaries of a testamentary trust which is not yet operative. The question before this Court, therefore, is whether the income beneficiary of the yet-to-be-established trust may be considered either an heir, legatee or devisee of the estate for purposes of § 167(h). The taxpayer contends that the income beneficiary does not fall within any of these three categories, and therefore, a pro rata portion of the depreciation deduction is not to be allocated to the beneficiary, but may be taken by the estate.

The estate relies, in support of its position, on a Fourth Circuit case which is similar to ours, yet distinguishable in one critical respect. *In re Nissen,* 345 F.2d 230 (4th Cir. 1965). That action was brought to determine whether an estate could properly take a property depreciation deduction during its administration, the court ruling that the deduction was available to the estate. The property giving rise to the deduction would, upon closing of the estate, be distributed to testamentary trusts which would distribute all income to life beneficiaries. Acting under authorization in the will, the executor made discretionary income distributions to the future life beneficiaries, but the estate took the depreciation deduction. The executor acted in accordance with the following provision in the will:

. . . I authorize my Executor to pay to or apply from the net income of my estate such sums and at such intervals and in such manner as my Executor in its sole discretion shall from time to time deem requisite or desirable in providing for the reasonable support, maintenance and education of my granddaughter . . . [and] my son. . . .

*See Estate of Nissen,* 41 T.C. 522, 525 (1964). Because these discretionary distributees, the son and granddaughter of the testatrix, were also the future life income beneficiaries, it is easy to misunderstand the holding of *In re Nissen, supra,* 345 F.2d 230. Since the son and granddaughter received income distributions from the estate in accordance with their status under the will as income distributees at the discretion of the executor, and not in accordance with their status as future trust beneficiaries, we understand the Fourth Circuit's holding to be that those who so receive income under the will during estate administration are not heirs, devisees or legatees of specific real property, entitled to the depreciation deduction accruing to that property. Indeed, it is entirely possible that the *Nissen* distributees received income generated by assets other than the real property.

By contrast, in the case before us the will did not provide for the distribution of income during the period of administration. Therefore we can only conclude that the distribution to the future life income beneficiary was based on her status vis-a-vis the trust. Our case is in this critical respect distinct from *Nissen.*

As a generally accepted matter, an executor can legally distribute income only to a legatee, or heir if the will is silent. *See, e. g.,* Vernon's Tex.Civ.Stat.Ann., Probate Code, § 239. To be legal the income distributions here in question must be viewed in either of two ways. First, treating the real property as constructively being in the trust, the distribution could have constructively been made from the trust to the estate and then from the estate to the income beneficiaries. By this view the depreciation deduction would be allocated under the second sentence of § 167(h), there being no local law or trust instrument provision directing a depreciation reserve. Alternatively, the will might be construed to permit direct distribution to the trust beneficiaries as if they were, during administration, legatees of the real property. Under this concept, depreciation allocation is man-

dated by the third sentence of § 167(h). According to either view, the distributee clearly takes according to her status vis-a-vis the real property under the trust. It is equally clear that the income she receives is income generated by the real property which gives rise to the depreciation deduction.

■ The statute appears to follow a general policy that the depreciation deduction travels with the income from the property. Thus, the first sentence of § 167(h) directs that in every instance life tenants will receive the depreciation deduction, and the third sentence mandates allocation of the deduction pro rata, on the basis of the receipt of income. The second sentence is consistent, even though it allows the settlor of a trust to preserve corpus by setting aside a depreciation reserve, because under the statute and longstanding regulations, the trust may take the depreciation deduction, but only to the extent that it withholds *income* in its reserve. In view of the policy of this statute, it would be anomalous to permit an estate to distribute income which can be identified as coming from the real property, but retain the depreciation deduction as an offset against income from unrelated sources.

AFFIRMED.